# Hayes *v.* Mitchell.

### *Action for False Imprisonment.*

1. *Power of marshal of Oxford to make arrests.*—Under the act of the General Assembly incorporating the town of Oxford (Pamph. Acts, 1859-60, p. 383.), which was revived and re-enacted by the act of March 1st, 1876 (Pamph. Acts, 1875-6, p. 315), imposing on the marshal of the town the same duties, and conferring upon him the same powers, as are " now conferred by law upon the constables of this State," the marshal has authority to arrest, without warrant, any person threatening to commit a breach of the peace in his presence.

2. *Power of such officer to imprison after arrest.*—After the arrest of such person, he should not be imprisoned, unless circumstances rendered his imprisonment necessary. · But if by reason of the unseasonableness of the hour, or the inaccessibility of the mayor, or other magistrate having jurisdiction, the offender could not be brought to trial; or, if by reason of riotous or lawless conduct, the peace-preserving powers of the marshal were, or seemed to be in request, to maintain the general peace, or to protect others or their property from lawlessness, the marshal would be authorized to imprison the offender, until he could be properly brought to trial.

3. *Same ; when right to imprison a question for the jury.*—In an action for damages brought against the marshal, based on such arrest, and imprisonment made thereafter, the right to imprison is a question for the jury, under appropriate instructions from the court; and a charge to the jury instructing them, that no circumstances would justify the marshal in imprisoning, without the order of the mayor therefor, is erroneous.

APPEAL from Calhoun Circuit Court.

Tried before Hon. WM. L. WHITLOCK.

This was an action for damages for false imprisonment, brought by Wiley F. Mitchell against J. M. Hayes, and was commenced on 22d September, 1874.   The defendant pleaded, in short by consent, (1) not guilty, and (2) " that the defendant was marshal of Oxford at the time of the grievance complained of by plaintiff, and arrested plaintiff, because he was about to commit a breach of the peace in the presence of the defendant at the time of the arrest, and defendant justifies, as such marshal, in making the arrest and imprisonment under such circumstances."   Upon issue joined on these pleas the cause was tried at the fall term, 1880, of said court,. and resulted in a verdict and judgment for the plaintiff.

The evidence introduced on the trial showed that on the 25th December, 1873, the defendant was marshal of the town of Oxford, and, as such, arrested the plaintiff without warrant, and put him in the prison or calaboose of said town, where he remained for about two hours, when he was turned loose by

VOL. LXIX.

[Hayes v. Mitchell.]

the marshal, under instructions from the mayor. The testimony in reference to the circumstances under which the arrest was made, is somewhat conflicting. The plaintiff's testimony tended to show that, on said day, he met the defendant on the street in said town, and delivered to him a message from certain parties who were confined in the calaboose for violations of town ordinances, to the effect that they wanted a trial and desired to come out of the calaboose; that the defendant then remarked to him that the parties could not get the trial, and that it was none of plaintiff's business, and that he must "hush;" that he replied to this that it was his business, and that he was not in the habit of being made to hush; and that "after some other remarks between them, the plaintiff having a walking-cane in his hand, the defendant caught him by the lapel of the coat and drew his stick on plaintiff, when other words passed, and defendant arrested plaintiff." The defendant's testimony tended to show that the parties who had sent him a message by the plaintiff had been arrested by him on the same day and put in the calaboose for disturbing the peace of the town, and he had been informed that they had threatened to "overturn the town," and they expected to get aid from the plaintiff, and that the plaintiff had promised to aid them in this purpose; that after he had received this information he met the plaintiff on the street in said town, who, in an angry manner, demanded that the defendant should allow said prisoners to be tried and turned loose; that he "asked the plaintiff what business it was of his as to whether the prisoners were turned loose or not," and the plaintiff, replying with an oath, that it was his business, raised his stick to strike the defendant, when defendant arrested him.

The court, at the written request of the plaintiff, charged the jury, that, although the marshal may have the right to arrest, yet he has no right to imprison in the calaboose without an order from the mayor or other judicial officer." To this charge the defendant excepted. This charge, among other rulings of the Circuit Court not necessary to an understanding of the opinion, is here assigned as error.

G. C. ELLIS and W. H. DENSON, for appellant.

WM. M. HAMES, contra.

(No briefs came to the hands of the reporter.)

STONE, J.—Ever since the code of 1852 was adopted, arrests have been authorized to be made by "the sheriff, or any officer acting as sheriff, or their deputies, constable, or marshal,

[Hayes v. Mitchell.]

or policeman of any city or town, acting within their county." Code of 1852, § 3420; Code of 1867, § 3983; Code of 1876, § 4653. Such "officer may arrest any person without warrant, on any day, or at any time, for any public offense committed, or a breach of the peace threatened in his presence," etc.—Code of 1852, § 3425; Code of 1867, § 3994; Code of 1876, § 4664. The town of Oxford in Calhoun county was incorporated by act of the legislature, approved February 21, 1860.—Pamph. Acts of 1859–60, 383. The 8th section of said act declares "that the marshal of said town shall have power to serve all writs and all processes issued from the hands of justices of the peace, both in civil and criminal cases, which may be placed in his hands, and to perform all other duties and powers now conferred by law upon the constables of this State." This act of incorporation was revived and re-enacted, March 1st, 1876.—Pamph. Acts 1875–6, 315. There can be no question that the marshal of Oxford had authority to arrest, without warrant, any person threatening to commit a breach of the peace in his presence. We do not understand this to be denied or controverted. All the rulings excepted to, concede the right in such case to make the arrest. Nor do the rulings controvert the fact that the arrest was justified in this case. The complaint is, that after making the arrest, the marshal, without bringing the plaintiff before the mayor for trial, and without any warrant of arrest, or of commitment, imprisoned him for two hours, and until instructed by the mayor to release him. The ruling was "that although the marshal may have the right to arrest, yet he has no right to imprison in the calaboose without an order from the mayor, or other judicial officer."

Two great and vital principles of Government are to be kept steadily in view, in pronouncing on conduct, such as is brought to view in this record; the liberty of a citizen, and the peace and repose of society. Civil liberty is natural liberty, shorn of the excesses which invade and trench on the equal liberty of others. No one can claim the right to violate the law, and precautionary force is justified, to prevent a greater impending evil. Such force, however, is in its nature remedial, and can be carried no farther than is reasonably necessary to prevent the threatened wrong. Prevention is less hurtful than redress, and when prudently exercised, is not only justified, but is commended of the law. No man can rightfully complain of any encroachment upon personal liberty, which he himself by his lawlessness or violence has rendered necessary for the safety and protection of others. It is liberty as defined by law, not unbridled license, our free constitution guarantees to every man—the humblest, equally with the most exalted.

The rule we declare in this case, must be applicable more or

[Hayes v. Mitchell.]

less to all municipalities; particularly to corporations having powers of local government. Possibly in cities and large towns, there is need of greater license in the matter of making arrests, and of detention, without warrant; but it culminates at last in the inquiry, what is resonably demanded, to guard and protect the public peace. ( The time of the day or night, the surrounding circumstances,' the peaceful or riotous conduct of the public, the necessity real or apparent that the arresting officer shall be on the alert to prevent other acts of violence or lawless disturbance, the accessibility of the mayor or other magistrate, all these enter into the inquiry, what is the duty of the arresting officer. If the mayor or magistrate be not accessible, or if the hour be unseasonable for entering upon the trial, or, if the surrounding circumstances are such that the active duties of the marshal are really or apparently necessary for the preservation of the peace, or the protection of other persons or their property, then it is not the duty of the marshal to neglect these greater interests, that one lawless man may be brought to a speedy trial. Let it be borne in mind, we are dealing with a case, where the arrest is rendered lawful by the misconduct of the person arrested, and not with a case of causeless or wanton arrest. If the arrest in this case was without cause, of course no circumstances could justify the imprisonment. ·

The ruling in this case was, that no circumstances would justify the marshal in imprisoning, without the order of the mayor therefor. In this the Circuit Court erred. The right to imprison was a question for the jury, under appropriate instructions. There should certainly be no imprisonment, unless the circumstances rendered such imprisonment necessary. If by reason of the unseasonableness of the hour, or the inaccessibility of the mayor or other magistrate having jurisdiction, the offender could not be then brought to trial; or, if by reason of riotous or lawless conduct, the peace-preserving powers of the marshal were, or seemed to be in request, to maintain the general peace, or, to protect others or their property from lawlessness, then it would not be the duty of the marshal to exhaust his entire energies, in personally detaining the prisoner, to the neglect of all other equally pressing duties. In such case, he would be authorized to imprison the offender, until he could be properly brought to trial.—*Johnson v. Mayor*, 46 Ga. 80; *Boaz v. Tate* 43 Ind. 60; *Scircle v. Neeves*, 47 Ind. 289.

Whether section 4660 of the Code of 1876 bears on this case, we need not inquire, as it is not shown that the prisoner offered to give bond, or, that any magistrate was accessible, before whom he could have been carried.

Reversed and remanded.