# Hayes *v.* Mitchell.

### Action for False Imprisonment.

1. *Arrest by town marshal for breach or attempted breach of peace; prisoner has no right to select officer before whom he will be tried.*—A person arrested by a town marshal, for a breach or attempted breach of the peace committed in his presence, has no right to select the officer before whom he will be tried, nor can he object to being brought to trial before the mayor or intendant of the town.

2. *Actual breach of the peace not necessary to justify arrest by marshal; may act on appearances, and arrest to prevent threatened breach.*—In the performance of his duty to prevent threatened breaches of the peace, a town marshal, or other municipal police officer, may act on the reasonable

[Hayes v. Mitchell.]

appearance of things, and make arrests before an actual breach of the peace is committed; and he may justify on the ground of such reasonable apprehension of violence, when sued for the arrest.

APPEAL from Calhoun Circuit Court.

Tried before Hon. L. F. Box.

This was an action for damages by Wiley Mitchell against J. M. Hayes for an alleged false imprisonment and was commenced on 22d September, 1874. The appellant, Hayes, as marshal of the town of Oxford, and under color of his official authority as such, arrested the appellee, Mitchell, and incarcerated him in the calaboose, or town prison. The circumstances which led to the arrest and detention of the plaintiff, and the defense presented by the pleas of the said Hayes are detailed in the previous report of this case (*Hayes v. Mitchell*, 69 Ala. 452). The assignments of error relate to the giving of the charges requested by the plaintiff, and the refusal of the instructions requested by the defendant. The court charged the jury as follows at the instance of the plaintiff: "(1) In this case the court charges the jury that there should be no imprisonment unless the circumstances rendered the imprisonment necessary." "(2) If the jury believe from the evidence that the arrest in this case was made at a reasonable hour in the day for a trial, and if the jury further believe from the evidence that the mayor and his office were both accessible, and that there were no rioters or riotous conduct either actual or threatened, by others at the time, then it was the duty of the defendant as marshal to carry the plaintiff (if he had threatened to violate the peace) before the mayor for trial; and to imprison without such trial under such state of facts was without authority of law." The following instructions requested by the defendant were refused by the court: "(1) The court charges the jury that if they believe from the evidence that the defendant, as marshal, had probable cause for arresting the plaintiff and detaining him in prison, then they must find for the defendant under the complaint in this case although they may believe from the evidence there was actually no assault or threatened breach of the peace." "(2) The court charges the jury that if they believe from the evidence that the plaintiff refused to be tried by intendant Kelly, and that he would have refused to have been tried by said intendant at any and all times between the time he was arrested until he was discharged, then this would excuse the defendant as marshal from taking him before the said intendant for trial." "(3) The court charges the jury that in order to excuse the defendant for not bringing the plaintiff before the intendant, Kelly, if the jury believe from the evidence that plaintiff committed an assault, or threatened

[Hayes v. Mitchell.]

a breach of the peace in defendant's presence, it is not neces-
sary that there should be any breach of the peace or any dis-
turbance in the town of Oxford, while and during the time the
plaintiff was in prison." The following charge was not num-
bered : " The necessity for the defendant to be on the streets in
the discharge of his duties as marshal, while plaintiff was in
prison, need not be actual, but if there was an apparent neces-
sity it will be sufficient although in fact no disturbance occurred
during the time."

The defendant duly excepted to the rulings of the court as
embodied in the above charges and the same are here assigned
as error.

ELLIS & DENSON, for appellant, cited *Hayes v. Mitchell*, 69
Ala. 452.

CALDWELL, HAMES & CALDWELL, and J. T. MARTIN, *contra*.

STONE, C. J.—The first and second charges given by the
court at the request of the plaintiff below are in strict con-
formity with the rules we declared, when this case was before
us at a former term.   *Hayes v. Mitchell*, 69 Ala. 452.

In reference to the charges asked by defendant and refused.
Mitchell, when arrested, had no right to select the officer before
whom he would be tried, nor, to object to being brought to
trial before the mayor or intendant of the town.   Sess. Acts
1859–60, § 6, on p. 384; Sess. Acts 1875–6, p. 315.   Charge
No. 2 was rightly refused.   Charge No. 3 was, in some respects,
not full enough, was calculated to mislead, and was rightly re-
fused on that account.

The last charge asked—not numbered in the transcript—
should have been given.   Part of the testimony tended to show
that, on the day in question, there was drunkenness, noise and
riotous conduct on the streets of Oxford.   If this was believed,
it afforded a good reason why the marshal should have been on
the streets, ready to exercise his functions if needed, and un-
trammeled by any incumbrance.   And it was not necessary
that the danger should be real.   Reasonable ground for appre-
hending that there would or might be a breach or disturbance
of the peace, would make it his duty to be present, that he
might prevent violations of the law.   Apparent necessity, on a
reasonable survey of the surroundings, is, as an excuse, as valid
as if it were real.   Preventive measures, to be effective, must
be taken on the reasonable appearance of things.   It is too late,
after the mischief is accomplished.   *Mitchell v. The State*, 60
Ala. 26; *Rogers v. The State*, 62 Ala. 170.

The first charge asked, in view of the testimony, was scarcely

[Watts v. Frazer.]

full enough. Technically it may be correct, but it was not
sufficiently explicit. Two acts were charged against the plaintiff,
the arrest, and the imprisonment. To authorize a verdict in
his favor, the duty was cast on him of giving a sufficient excuse
for each. We showed, when this case was formerly before us,
what conditions would justify incarceration. We have repeated
above, the surroundings which would justify an arrest without
warrant. We have added, that reasonable appearances are as
much an excuse for the conduct complained of in this suit, as
actual realities are. These are the principles of law which
must determine this case.

Reversed and remanded.