# Teague *v.* The State.

*Indictment for Murder.*

1. *Homicide; when evidence as to violent character of deceased inadmissible.*—On a trial under an indic'ment for murder, when it is shown by the evidence that the difficulty, which resulted in the homicide, was provoked by the defendant, and that the defendant could have retreated with safety, if at any time he was in imminent peril, testimony as to the violent and blood-thirsty character of the deceased is inadmissible.

2. *Same; when charges submitting the inquiry of self-defense to the jury properly refused.*—On a trial under an indictment for murder, where it is shown that the defendant provoked the difficulty resulting in the homicide, and if at any time he was in imminent peril he could have retreated with safety, charges requested by the defendant, submitting the inquiry of self-defense to the jury are properly refused.

3. *Same; abusive and threatening message can not reduce murder to manslaughter.*—An abusive and threatening message from deceased to a defendant on trial for murder, received five minutes before the killing, is not such provocation as can be the basis of passion, the existence of which may reduce the grade of the offense below murder; and, therefore, in a case where such

provocation is relied on to reduce the grade of· the· offense charged to manslaughter, charges requested by the defendant, which leave to the jury to determine whether the homicide was murder or manslaughter, are properly refused.

4. *Same; charge to the jury.*—When on trial under an indictment for murder, the evidence is patently not susceptible of any reasonable construction favorable to the defendant's innocence, a charge which instructs the jury that they are the sole judges of what construction can be placed on the testimony and the inference to be drawn therefrom, "but the law does not require the jury to put an unreasonable construction upon the testimony, nor to draw unjust or unreasonable inferences from any construction the jury may put on the testimony," is erroneous and properly refused

5. *Same; when evidence as to defendant's trying to hire a conveyance for the purpose of leaving the neighborhood of the killing admissible.* On a trial under an indictment for murder, evidence that on the day the homicide was committed and during the time·the defendant was shown to have been mad with the deceased, the defendant tried to hire a horse and buggy for the purpose of leaving the neighborhood, early in the morning of the night in which the killing occurred, is admissible in evidence as tending to show preparation for flight.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

The appellant, Albert Teague, was indicted and tried for the murder of Walter Clark, by shooting him with a gun, was convicted of murder in the second degree, and sentenced to the penitentiary for thirty-five years.

The evidence for the State tended to show that the defendant had become aggrieved at the deceased, who was railroad agent and telegraph operator at Albertville, Alabama, because he would not send a telegram which the defendant had delivered to him, without the prepayment of the charges, and that as the outcome· of this misunderstanding or trouble between them, the deceased had sent the defendant word to stay away from the depot ; that the deceased's refusal to send the telegram as requested by the defendant, was two or three days before the shooting ; that upon the evening of the shooting the defendant was seen with a gun going to the station house, where the defendant· was ; that one of the witnesses for the State attempted to dissuade him from do-

ing the deceased any harm, but the defendant refused to be dissuaded, and passing around said witness ran up the steps and reaching an open window fired two shots at the deceased in quick succession, and that the deceased died from the gun shot wounds thus received.

The defendant as a witness in his own behalf, testified that the trouble between him and the deceased resulting from the deceased's refusal to send ·the telegram, unless the defendant paid him for it in advance, had been settled, and that he had told one of the witnesses who had testified for the State that he would not do anything wrong; that about 5 minutes before the killing one Street delivered to him a message from Clark, the deceased, in which there was contained a vile and opprobrious epithet and in which Clark sent him word that if he came on the depot platform again he would kill him; that thereupon he remarked "I will go and see him about it," and started to the platform; that as he got to the top of the platform a certain named person hollered to the deceased, "Look out Clark;" that he went directly to a window which he found open, and as he got to the window Clark was reaching for his pistol, whereupon he, the defendant, fired, and as Clark continued to reach for his pistol, he fired again. The defendant offered to prove by one of the witnesses that Clark's general character in the community was that of a violent, dangerous and quick tempered man, and of an overbearing and vindictive nature. The State objected to the introduction of such testimony, the court sustained the objection, and to this ruling the defendant duly excepted.

Upon the introduction of one Chambers as a witness, he testified that on the day of the killing, the defendant told him that he wanted a horse and buggy the next morning to go to his uncle's. The defendant moved to exclude this testimony upon the ground that it was immaterial and irrelevant to any issue involved in this case. The court overruled the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following, among other, written charges, and separately excepted to the court's refusal to give each of them as

[Teague v. The State.]

asked : (1.) "The court charges the jury at the instance of the defendant, they must find from all the evidence the existence of each and every essential fact necessary to show or constitute the defendant's guilt. If by excluding and not considering the presumption of the defendant's innocence, the jury should have no reasonable doubt on all the other evidence of the existence of such essential fact or facts ; yet if the jury should then take such presumption of defendant's innocence and consider it in connection with all the other evidence in the case, and they should then have a reasonable doubt as to the existence of such essential fact or facts, the jury would then be authorized to find such essential fact or facts do not exist, although they might believe such facts would exist, were it not for thus considering such presumption of defendant's innocence." (2.) "The court charges the jury that they are the sole judges of what construction shall be placed on the testimony, and what inferences shall be drawn from such constructions. But notwithstanding such power, the law does not require the jury to put an unreasonable construction on the testimony nor to draw unjust or unreasonable inferences from any construction the jury may put on the testimony." (4.) "The court charges the jury that if the jury believe from the evidence in this case that the defendant was aroused by any opprobrious and insulting language used by the deceased to the defendant, and in five minutes the fatal shot was fired ; and at the time the fatal shot was fired the appearances surrounding the defendant at the time were such as to produce a reasonable belief in the mind of the defendant that he was under peril of his life, or about to suffer some great bodily harm at the hands of the deceased, then under such circumstances the law does not exact of the defendant that consideration and calmness of action or conduct, that a man not so aroused and so circumstanced as the defendant was surrounded. The jury must judge of the defendant's conduct as he was thus surrounded or aroused, and not by what the calm view of one not so circumstanced might suggest he should have observed." (6) "Although the jury may believe from the evidence that the defendant had some feeling

against the deceased because of what the defendant had heard the deceased had said about him, yet if the jury believed from the evidence that the defendant abandoned all idea of interfering with deceased about this time, and had agreed with Mr. Coleman to let the matter pass, and after this the deceased sent a message to defendant which defendant received five minutes before the killing, and upon receipt of the message the defendant went immediately to the depot to see the deceased about the message ; and the jury believe that said message applied an insulting and opprobrious epithet to defendant and informed defendant if he came on the platform of the depot any more deceased would kill him, and at the time defendant got on the platform Coleman hollered 'Lookout Clark,' and when defendant reached the open window through which he shot Clark, Clark had his hand on his pistol for the purpose of using it against defendant, and such appearances were such as impressed defendant with a reasonable belief his life was then in danger, or he was about to suffer great bodily harm at the hands of the deceased, then the jury can take the opprobrious and insulting words sent in the message in connection with the appearance of danger surrounding defendant at the time and in the connection with all other evidence in the case to determine whether the defendant is guilty alone of manslaughter and not of murder.  And if the jury on the evidence have a reasonable doubt whether the defendant is guilty of murder or manslaughter, then the jury should find the defendant only guilty of manslaughter."  (8)  "If the jury are satisfied beyond all reasonable doubt that the defendant is guilty of some degree of murder, and the jury further believe fiom the evidence that the deceased sent a message embracing an insulting and opprobrious epithet towards the defendant, and of which the defendant was informed five minutes before the killing, and the jury also believe from the evidence that the deceased had threatened to kill the defendant, then the jury may consider such epithets and threats in determining what degree of murder the jury will find the defendant guilty."

DENSON & TANNER, for appellant.—The evidence adduced in this case shows that the defendant was not in fault in bringing on the difficulty.—*Karr v. State*, 106

Ala. 9; *Allison v. U. S.*, 160 U. S. 212; *Allen v. U. S.*, 157 U. S. 675. It is not one who provokes a difficulty that is in the wrong, but he who is at fault in provoking it. Although one may provoke a difficulty yet to make him the aggressor he must be at fault in provoking such difficulty. Who is in such fault is a question of fact to be determined by the jury and not a matter of law for the court.—*Patterson v. State*, 23 So. Rep. (Miss.) 647; *Stevenson v. U. S.*, 162 U. S. 313.

The court erred in not allowing the defendant to introduce evidence as to the violent and blood-thirsty character of the deceased.—*Roberts v. State*, 68 Ala. 156; *DeArman v. State*, 71 Ala. 352; *Smith v. U. S.*, 161 U. S. 85; *Anderson v. U. S.*, 170 U. S. 509

The charges requested by the defendant asserted correct propositions of law and should have been given. *Coffin v. U. S.*, 156 U. S. 433; *Newsom v. State*, 107 Ala. 134; *Johnson v. State*, 102 Ala. 19; *Smith v. State*, 68 Ala. 425; *Stevenson v. U. S.*, 162 U. S. 313; *Patterson v. State*, 23 So. Rep. (Miss.) 647.

CHARLES G. BROWN, Attorney-General, and LUSK & BELL, for the State.—The charges which sought to submit to the jury the inquiry as to whether or not the homicide was murder or manslaughter was erroneous, and properly refused. Mere words however provoking, never reduce a killing below murder.—*Smith v. State*, 103 Ala. 4; *Ex parte Sloane*, 95 Ala. 22; *Lane v. State*, 85 Ala. 11; *Prior v. State*, 77 Ala. 56; *Johnson v. State*, 102 Ala. 3; *Watson v. State*, 82 Ala. 10.

Under the evidence in this case the defendant was not in a position to ask the benefit of any ruling in his favor on the ground of self-defense. Before the defendant can rely upon self-defense, it must be shown that he was entirely free from fault in provoking or bringing on the difficulty.—*McQueen v. State*, 103 Ala. 13; *Crawford v. State*, 112 Ala. 5; *Johnson v. State*, 102 Ala. 3.

The defendant was likewise bound to retreat if he could do so without danger and in safety.—*Robinson v. State*, 108 Ala. 14; *Howard v. State*, 110 Ala. 92.

[Teague v. The State.]

The evidence offered by the defendant as to the bad character of the deceased was wholly inadmissible. *Rhea v. State*, 100 Ala. 119 ; *Karr v. State*, 100 Ala. 4 ; *Amos v.State*, 96 Ala. 120 ; *Rutledge v. State*, 88 Ala. 85.

The evidence of defendant's efforts to hire a buggy and horse to be ready early in the morning after the difficulty, taken in connection with what threats and declarations he had made to Hambrick and others, was clearly admissible.—*Anderson v. State*, 79 Ala. 5.

McCLELLAN, C. J.—On the evidence in this record most favorable to the defendant, he is guilty of murder. He was palpably at fault on his own testimony in bringing on the difficulty which resulted in his killing his opponent, if there was any "difficulty," so far as any act of the deceased was necessary to constitute it ; and, if at any time he was in imminent peril, it is clear beyond adverse inference that he could have retreated with the greatest ease and safety. The trial court was, therefore, not in error in excluding testimony of the violent and bloodthirsty character of the deceased ; there was no issue in the case upon which that fact could have shed any legitimate light, and in refusing charges which submitted the inquiry of self-defense *vel non* to the jury.

Nor was there any room in the case for leaving to the jury the question whether the homicide was murder or manslaughter. The only provocation relied on to reduce the grade of the offense to manslaughter was the provocation of an abusive and threatening message from deceased to defendant, received, as defendant claims, five minutes before the killing. Such provocation, as has been many times decided by this court, can not be the basis of passion the existence of which may reduce the grade of the offense below murder.

The evidence in the case was patently not susceptible of any reasonable construction favorable to defendant's innocence ; and hence charge 2 was properly refused to the defendant upon this as well as other grounds.

Charge 1 refused to defendant is argumentative and confusing.

The testimony that the defendant on the day of the killing, and during the time he was nursing his wrath against the deceased, endeavored to hire a horse and

[Henson v. The State.]

buggy for the purpose of leaving the neighborhood early in the morning of the night in which the killing occurred, and was properly allowed to go to the jury as tending in some degree to show preparation for flight.

All the rulings of the court on charges requested by defendant are referable to one or another of the propositions stated above; and moreover they might all be justified on the broad proposition that on the whole evidence the court might well have instructed the jury on the hypothesis of its credibility that the defendant was guilty of murder in either the first or second degree.

Affirmed.

