# Nelson *v.* The State.

## *Murder.*

(Decided April 8, 1915.  Rehearing denied May 11, 1915.
68 South. 573.)

1. *Homicide; Evidence; Former Difficulty.*—Where defendant ad-
mitted the killing, but claimed self-defense, he should have been
permitted to testify whether deceased shot at him on the day before
the killing, and whether some time prior thereto deceased had drawn
a gun on him and threatened to kill him, in the presence of certain
persons; it being competent under such circumstances to show such
previous difficulties, and to state their general character so as to show
whether they were grave or trivial.

2. *Same.*—Where the court stated that defendant could show prior
threats, but not acts and details of the former difficulty, the error
in excluding such testimony was not cured by the fact that some

[Nelson v. The State.]

of the matters were elicited on the subsequent examination of defendant.

3. *Appeal and Error; Harmless Error; Evidence.*—If it was error to refuse to admit in evidence certain warrants sworn out by defendant against deceased, such error was cured by subsequently admitting the warrant.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Fred Nelson was convicted of murder in the second degree, and he appeals. Reversed and remanded.

RIDDLE & ELLIS, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—Being on trial charged with murder in the first degree, the defendant admitted the killing and sought to justify it as an act of self-defense. When being examined as a witness in his own behalf, the defendant was very properly permitted to testify that on the day previous to the killing he and the deceased had a difficulty; whereupon the defendant's counsel asked him the following question: "State whether or not in that difficulty he [deceased] drew a gun on you [defendant]." "State whether or not Pres Horton [the deceased] shot at you the day before you killed him," and "I will ask you to state if, in October some time, Pres Horton [the deceased] came to your house and drew a gun on you and said he would kill you, in the presence of Robert Davis, Floyd Bell, and George Locket."

To the refusal of the court to permit the defendant to answer each of these questions, on objection thereto being made by the solicitor, the defendant separately objected, and reserved an exception to the ruling of the court.

(1) The specific ground of objection interposed by the solicitor to these questions propounded by defendant's counsel was that they called for details of a former difficulty. The facts that on the day before the killling the deceased in a difficulty with the defendant drew a "gun" on him, that on that day the deceased shot at the defendant, and that in October, prior to the killing in December, deceased drew a "gun" on the defendant, and at the same time, in the presence of several other persons, threatened to kill him, were matters the defendant was entitled to have admitted in evidence. These were not matters of a nature that could properly be excluded under the rule against admitting details or going into the merits of former difficulties, but were only such facts as showed the general nature and gravity of the former difficulties or altercations, and were admissible for the purpose of showing who was at fault in bringing on the fatal rencounter, and, too, for the purpose of aiding the jury in arriving at a proper conclusion as to whether the defendant acted on the reasonable appearance of things in the light of the former threats and prior altercations. In this connection and for such a purpose it is always competent for the defendant, in testifying to previous difficulties, to state the general nature of it so as to show whether it was grave or trivial in character.—*Watts v. State,* 177 Ala. 24, 30, 59 South. 270; *Harrison v. State,* 78 Ala. 5.

(2) Although the defendant, in the course of a subsequent recross-examination by the solicitor and re-examination by counsel for defendant, stated a part of the matters sought to be elicited by the questions we have set out, to which the court erroneously sustained objections, it is apparent, after an examination of the entire cause as presented by the record, that this error

probably injuriously affected the substantial rights of the defendant. The jury was evidently impressed with the belief that they could not consider these matters as legal evidence in behalf of the defendant, for the court, in making its rulings on this proposition, while the witness was being re-examined, stated : "I hold that you can show threats made prior to this difficulty in which the deceased was shot, but you cannot show any of the acts and details of a former difficulty."

(3) We find no reversible error in the other matters presented. If the court was in error in the first instance in refusing to admit in evidence the warrants sworn out by the defendant against the deceased, this was cured by the subsequent ruling admitting the warrants. No correct rule of law is set out in any of the refused charges that is not covered by the given charges.

For the errors above pointed out as committed by the court in ruling on the admission of evidence, the judgment of the circuit court must be reversed.

Reversed and remanded.