### WRIGHT v. STATE.   (5 Div. 506.)

(Court of Appeals of Alabama.   Feb. 5, 1924.)

Homicide ⬅189—Evidence admissible to show general nature and gravity of previous difficulties.

In prosecution for assault with intent to murder, where evidence as to which of the parties was the aggressor was sharply conflicting, evidence was admissible to show the general nature and gravity of former difficulties between the parties, though not to show the details and particulars thereof.

Appeal from Circuit Court, Coosa County; W. M. Lackey, Judge.

Tommie Wright was convicted of assault with intent to murder, and appeals. Reversed and remanded.

Felix L. Smith, of Rockford, and L. H. Ellis, of Columbiana, for appellant.

While defendant was not entitled to have related the details of the former difficulty, yet he was entitled to show the general nature and gravity of that difficulty. White v. State, 209 Ala. 546, 96 South. 709.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. From a judgment of conviction for assault with intent to murder, the defendant appeals to this court.

The offense complained of is alleged to have occurred in a difficulty between the accused and one Ervin Williams, the injured party named in the indictment, the evidence disclosing that Williams received at the hands of defendant a knife wound in said difficulty.

Upon the trial of this case in the court below, it developed that a previous difficulty had occurred between these same parties some hours prior to the difficulty here complained of, and in this connection the defendant undertook to show the character and gravity of the former difficulty, but the court, by its rulings declined to permit him to do so.

The testimony was in sharp conflict as to who was the aggressor in the last difficulty between the parties; in other words, who brought on the difficulty. This being true, the defendant should have been permitted to show the general nature and the gravity of the former difficulty in order to shed light upon the all-important question as to which of the combatants brought on the difficulty upon which this prosecution was based. It is elementary, of course, that the details and particulars of the former difficulty were not admissible. But here no effort was made to prove the details of such difficulty, the inquiry being confined to the general nature and gravity thereof. As stated, this should have been allowed, and the court's several rulings in this connection were error.

In White v. State, 209 Ala. 546, 550, 96 South. 709, 713, the Supreme Court said:

"It is an established principle of law that the defendant has the right to show the general nature and gravity of a previous difficulty, but that he may not relate the details of such difficulty."

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case of Thornton v. State, 18 Ala. App. 225, 90 South. 66, is directly in point with the case at bar. In the Thornton Case this question is treated fully; a number of cases are collated and quoted therein. This question being conclusive of this appeal, there appears no necessity to discuss in detail other questions presented. An examination of these questions, however, fails to disclose error of sufficient gravity to necessitate the reversal of the judgment appealed from.

For the errors designated, the judgment of the circuit court of Coosa county is reversed, and the cause remanded.

Reversed and remanded.