(125 So. 682)

## MAXWELL v. STATE.   (6 Div. 391.)

Supreme Court of Alabama.   Jan. 16, 1930.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

420

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

GARDNER, J. Appellant shot and killed her husband with a pistol, and was convicted of murder in the second degree, with punishment fixed at 35 years of imprisonment. She relied upon her plea of self-defense.

Only two or three questions are here argued by counsel. A few others appear in the record which we have examined with care, and find none of them worthy of separate treatment. A brief consideration of those argued will suffice.

The question asked the witness Moore was previous to any evidence tending to show self-defense, and the ruling of the court was proper. We do not conceive that the statement by the trial judge indicating such as not being the reason of the ruling can in fact affect the situation or modify the rule of law. But, this aside, we are inclined to the view the question called for too great a detail under the well-recognized rule that, while a defendant may show the general nature and gravity of a previous difficulty, he may not relate the details thereof. White v. State, 209 Ala. 546, 96 So. 709.

We think the question on cross-examination of the witness Norman as to whether he remembered an occasion when deceased started to shoot him about a dog was irrelevant and objection thereto properly sustained. No testimony brought out by the state could give rise to such inquiry, and, indeed, the character of deceased was not then in issue.

There was no pretense that deceased struck or injured defendant at the time of the shooting here in question. Manifestly, therefore, any physical condition, a result of some blow in the remote past, would not be relevant and material on this trial. The twelfth assignment of error is without merit.

One's general character or reputation may be shown in the "neighborhood or community or society in which he may reside or in which he is known." McQueen v. State, 108 Ala. 54, 18 So. 843, 844; Steele v. State, 83 Ala. 20, 3 So. 547; Craven v. State, 22 Ala. App. 39, 111 So. 767. The ruling constituting the thirteenth assignment of error presents no reversible error.

As previously stated, other questions appearing in the record have also been considered by the court in consultation, but present nothing worthy of discussion. Upon due consideration, we find no reversible error. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.