7 So.2d 483
### SANDERS v. STATE.
2 Div. 178.

Supreme Court of Alabama.
April 9, 1942.

Geo. O. Miller and Geo. O. Miller, Jr., both of Livingston, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

FOSTER, Justice.

The evidence most favorable for defendant and given by his own testimony was that he and deceased had a difficulty about thirty minutes before the killing at Johnnie Thomas' house; that defendant left and went to his home and got his shot gun and went down the road to meet Bobby Dancer, the deceased, "as he said he was coming to my house to kill me." And again he said "I got my gun and I was going down to the road to meet him and settle our trouble." And "he next saw Bobby Dancer in the road. Me and him got up to the road about the same time. We met there," and he "reached in his pocket and got his knife and pulled it out and told me he was going to kill me. He had a switch blade pocket knife and was advancing on me all the time. I asked Bobby, 'what I done to you for you to treat me as you do,' and he replied, 'I am going to kill you if it is the last thing I do.' That is all that happened and I shot him." "The witness was asked if Bobby Dancer had ever before threatened his life and replied that he had, and it was about two or three weeks ago; he walked up and stuck me with a knife. To this statement the solicitor objected and the court instructed the jury not to consider what was said with reference to the deceased walking up to the defendant and sticking him with a knife and instructed the defendant's attorney that he could not testify about the details. Defendant's attorney duly and legally excepted and stated to the court that he offered to show that on two occasions prior to the killing, he had not only threatened the life of this defendant, but had approached him with a view of taking his life and one time stabbed him in the arm. That was about two weeks prior to the killing and about thirty minutes prior to the killing he had to flee from the deceased man, and that the deceased man's brother interferred and took him back. 'We offer to show that'. The solicitor objected and the court sustained the objection, to which ruling the defendant duly and legally excepted. The witness continued as follows: That he left the home of Johnnie Thomas and went to his home; that his wife and children were at home; that he got his gun and went on down to the road; that he (Bobby Dancer) approached him and he was backing up until he shot him and Bobby Dancer was coming from the direction of Johnnie Thomas' house, where he last saw him."

Defendant also later offered to prove the bad character of deceased for peace, quiet, turbulence and violence. The court sustained objection, and defendant duly excepted.

The State may introduce evidence of a prior difficulty between defendant and the assaulted party in which defendant was "concerned in an assault on him with a knife, whereby he was severely cut in the neck, a short time before the assault charged in the indictment." Such not being a statement of "the details or particulars" of that difficulty. Gray v. State, 63 Ala. 66.

"The fact of such difficulty, and its gravity, or the contrary" may be shown. McAnally v. State, 74 Ala. 9, 17. And "the fact that on the day before the killing deceased attacked defendant with scissors, accompanying the attack with a threat * * *

was not going into the details or merits of the altercation." Watts v. State, 177 Ala. 24, 59 So. 270, 272. And "that on that day deceased shot at the defendant [and at another time] drew a 'gun' on the defendant [with threats to kill him] were matters the defendant was entitled to have admitted in evidence," and were not of too much detail. Nelson v. State, 13 Ala.App. 28, 68 So 573.

And when defendant offered to prove that in a previous difficulty "the deceased was armed with a gun and made a hostile demonstration by pointing the gun at the defendant," the court was held to have erred in rejecting this evidence after defendant had offered evidence tending to show that decedent was the aggressor. Buffalow v. State, 219 Ala. 407, 122 So. 633, 634. To like effect is Stinson v. Richardson, 239 Ala. 161, 194 So. 508. Compare Harkness v. State, 129 Ala. 71, 30 So. 73.

When such evidence is offered by the State showing the conduct of defendant on the former occasion, it is to illustrate his acts at the time of the fatal difficulty. Gray v. State, supra; McAnally v. State, supra. When it is offered by defendant, it must be subsequent to evidence tending to show self-defense. Maxwell v. State, 220 Ala. 419, 125 So. 682; 11 Alabama Dig. p. 447, Homicide, ☞190(3). Its admissibility is on the same principle which justifies threats by decedent previously made and communicated, Myers v. State, 62 Ala. 599, and which justifies evidence of words which show a hostile state of mind toward defendant, Robinson v. State, 235 Ala. 7, 176 So. 812, and the violent character of deceased. DeArman v. State, 71 Ala. 351, 352(12).

None of such evidence is admissible when offered by defendant, if he was the aggressor in the difficulty which then and there resulted in the killing. For under such circumstances self-defense is not available to him. And if he approached deceased for the purpose of bringing on the difficulty, such plea is unavailing. DeArman v. State, supra.

There is nothing to sustain a claim that defendant did not deliberately go home and get his gun and then go to a place where he would meet deceased for the purpose of renewing the difficulty with him, or that there was any reason to get his gun and go to meet him other than to renew the difficulty,

or that he could not have avoided the difficulty after he saw deceased and saw him with a knife, as he says. Such a situation was analyzed in connection with a claim of self-defense in the case of Dunn v. State, 143 Ala. 67, 39 So. 147.

Before such matter is admissible, there must be a tendency of other aspects of the evidence to show that defendant was without fault in bringing on the fatal rencounter : that he was in imminent peril, real or apparent, of loss of life or limb, that he could not avoid the difficulty or retreat without increasing his peril. And if an act was committed by him in the nature of a present provocation, he was not without fault. Unless there is a tendency of the evidence favorable to defendant on those questions, he cannot prove the bad character of deceased for turbulence, nor threats by him toward defendant, nor a prior difficulty with him, though of a serious nature. This Court in Rutledge v. State, 88 Ala. 85, 7 So. 335, clearly declared those principles overruling Dupree v. State, 33 Ala 380, 73 Am. Dec. 422, cited by counsel for appellant. And the principle has been followed uniformly since then. Teague v. State, 120 Ala. 309, 25 So. 209; 11 Alabama Dig. p. 441, Homicide, ☞188(3).

We take it from defendant's own testimony that he was at fault in going home arming himself and then going to meet deceased to settle their trouble.

There were several charges refused to defendant on the subject of self-defense. Aside from the fact that defendant's own evidence rebuts his claim of self-defense, each of those charges omits some element of it. The cases relied on by appellant in support of his claim as to them were reviewed in Smith v. State, 230 Ala. 18, 158 So. 808, where the omissions in charges such as those here involved were pointed out. Moreover, the court fully and clearly charged the jury as to the elements of self-defense. Defendant was not due to have this done again in different language.

There does not appear to be reversible error in the record.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.