37 So.2d 686

**HOOMES v. STATE.**

**3 Div. 889.**

Court of Appeals of Alabama.

Aug. 3, 1948.

Rehearing Denied Oct. 5, 1948.

C. L. Hybart, of Monroeville, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging murder in the first degree, the accused was convicted of murder in the second degree. His punishment was fixed at twenty years in the State penitentiary.

Admittedly the defendant killed his son-in-law, Joe Greer. The appellant claimed self defense.

As we will hereinafter demonstrate, the conclusion has been reached that the judgment of the lower court must be reversed. Except as it may appear necessary to illustrate the point under review, we will avoid a discussion of the tendencies of the evidence. We will omit to treat those matters which will not likely reoccur in the event of another trial.

The defendant moved for a change of venue. This was granted, and the cause was transferred from Escambia County to Conecuh County. Counsel for movant noted an exception to the action of the court in removing the cause to the last named jurisdiction. The only insistence made in brief of counsel is that the county to which the case was removed was not free from exception. Title 15, Sec. 269, Code 1940.

The record contains no proof in support of this contention. We have, therefore, no data or information upon which to review the matter.

It appears that the trial judge was convinced that a State's witness was in another state and out of the jurisdiction of the court. Over appellant's objections the State was allowed to introduce the testimony of this witness, which was given at a former trial of the case. There are no grounds stated in support of this objection.

The review, therefore, comes under the influence of the rule which provides: "A

general objection of this character cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence." Sanders v. Knox, 57 Ala. 80. See also, Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Bennett v. Bennett, 224 Ala. 335, 140 So. 378; Williams v. Bolding, 220 Ala. 328, 124 So. 892.

The appellant introduced as a witness a Mr. Alford who was present and witnessed a prior difficulty between the accused and the decedent. In this connection the witness was asked: "Did he (the deceased man, we interpolate) get out his knife at that time and start on Mr. Hoomes?" The court sustained the solicitor's objection to this query.

It is axiomatic that, under the issues here posed, proof that the parties had engaged in a former difficulty was material and admissible. The details thereof could not be disclosed.

The courts are committed to the rule that it is permissible to introduce facts pertaining to the prior encounter, which go to portray the gravity thereof; that is, whether or not it was grave or trivial in character and extent.

In Buffalow v. State, 219 Ala. 407, 122 So. 633, 634, Justice Brown, writing for the Supreme Court, responded to this question at considerable length and with studious care. The Justice therein observed: " * * * appellant offered to show by the witness Cliff Dean that witness was present at the time and place of the previous difficulty; that the deceased was armed with a gun and made a hostile demonstration by pointing the gun at the defendant. The court on the objection of the solicitor rejected this testimony, apparently on the theory that this was going into the particulars of the previous difficulty. In this ruling we are of opinion that the court fell into error."

In Watts v. State, 177 Ala. 24, 59 So. 270, the court held that by showing that, prior to the fatal difficulty, the deceased attacked the defendant with a pair of scissors was not going into the details of the altercation against the rule appertaining.

Proof that on the day before the killing the decedent, in a difficulty with the defendant, drew a gun on him was held admissible in Nelson v. State, 13 Ala.App. 28, 68 So. 573.

To like effect is the holding in Stinson v. Richardson, 239 Ala. 161, 194 So. 508. See also, Woods v. State, 20 Ala.App. 200, 101 So. 314; Wright v. State, 19 Ala.App. 562, 99 So. 52; Thornton v. State, 18 Ala.App. 225, 90 So. 66; McGuff v. State, 248 Ala. 259, 27 So.2d 241; Sanders v. State, 242 Ala. 532, 7 So.2d 483.

Other authorities could be cited, but unquestionably we have sufficiently illustrated our view that it was error to disallow the evidence of instant concern.

There was a very sharp and irreconcilable conflict in the evidence relating to which of the participants was the aggressor in the fatal encounter.

The decedent was divorced from his wife, daughter of the defendant. Ill feeling and confusion had followed the separation. This related in the main to the care and custody of the three minor children. The appellant shared the side of his daughter in this inharmonious affair and experienced several unpleasant contacts with the decedent. In fact, on the day of the homicide, but prior thereto, the defendant had secured a warrant charging that the deceased had used abusive and insulting language in the presence of the latter's former wife.

On the day of the fatal difficulty the accused, his wife, two daughters, the former wife of the decedent, and the three little children of the separated couple came to Brewton and parked their automobile on a street of the city. Just before the shooting the party gathered at their car preparatory to leaving for their rural home. The appellant went across the street from the parked car to a shoe repair shop. Before he returned the decedent came to the automobile and, according to the testimony of some of the occupants, had an open knife in his hand, and was engaging in "loud talking." The little children were crying.

During this occurrence, Betty Faye Hoomes, a daughter of the appellant, left the party and hurried across the street to the shoe repair shop and there told her father something. The latter immediately returned to his parked automobile, and there forthwith the encounter ensued which resulted in the fatal shooting of the deceased.

The court disallowed the appellant to tell the jury what his daughter said to him when she came to the shoe shop. In order to apprise the court of the content of the tendered evidence counsel reframed the question in this form: "Did she tell you that Mr. Dick Greer was over there raising a ruckus with your wife?"

In presenting its evidence in chief the State introduced as a witness Mr. Lester, the operator of the shoe repair shop. He related the circumstances of the appellant's coming into his place of business and in this connection testified:

"Ans. If I remember right, I gave him the price on the shoes and he was going to pay me and was writing out a check for the amount of money, or whatever it was, and while he was writing a check a little girl, maybe 10 years old, came in very hurriedly and spoke to him. I don't know what the conversation was; he finished writing the check and went right off from the shop.

"Que. Did you say anything to him as he went out?

"Ans. Not as I remember. He told me he would be back after the shoes."

The witness testified also that he heard reports of two shots from a pistol soon after the appellant left his shop.

In 2 Wigmore on Evidence, Sec. 248, p. 61, we find this pertinent statement: "If it could be shown that the deceased had just before been running amuck in the streets, and that the defendant was informed that the deceased was on his way towards the defendant's locality, it is difficult to believe that any court would decline to consider this conduct as bearing on the defendant's apprehensions. * * * The state of the law has come on the whole to favor the admissibility of such facts."

"A conversation between defendant and his wife prior to the homicide, which will shed light on and aid in determining the conditions and surroundings of the parties and the state of accused's mind, should be allowed to go before the jury." Warren on Homicide, Vol. 2, Sec. 210, p. 492.

We copy the first headnote in the case of Stapleton v. State, 56 Tex.Cr.R. 422, 120 S.W. 866: "Upon trial for murder where the defendant was convicted for murder in the second degree, the court erred in excluding testimony to the effect that defendant's brother conveyed the information to the defendant that the deceased had struck his mother and had mistreated him. If defendant was informed and believed that the deceased had struck his mother it would be adequate cause requiring a charge upon manslaughter; besides, such testimony was of a mitigating character, and was not self-serving, and accounted for defendant's presence at the scene of the difficulty."

See also, Wharton's Criminal Evidence, Vol. 1, Sec. 288, p. 377; Burnam v. State, 61 Tex.Cr.R. 51, 133 S.W. 1045; Jeffries v. State, 9 Tex.App. 598.

Our own appellate courts have many times reviewed the question in very analogous forms.

The general rule is declared in Gafford v. State, 122 Ala. 54, 25 So. 10, 18: "Whatever tends to shed light on the main inquiry, and does not withdraw attention from this main inquiry, by obtruding upon the minds of the jury matters which are foreign or of questionable pertinency, is, as a general rule, admissible evidence."

In Ex parte Warsham, 203 Ala. 534, 84 So. 889, 890, the Supreme Court said:

"It thus appears from the foregoing brief statement that the jury could infer from the evidence offered by the state that the defendant, for personal reasons and without any excuse whatever, went to the home of Mrs. Powell, and there assaulted and murdered the deceased, and was therefore a trespasser upon the premises and the aggressor in the difficulty. The defendant did not know the deceased, and to his knowledge had never seen him before.

"To rebut the tendency of the evidence for the state, above mentioned, and to explain his presence at Mrs. Powell's house (her request to the contrary notwithstanding), the defendant offered to show that two citizens living in that neighborhood, viz. Messrs. Scarborough and Parrish, came to him while he was on duty as a police officer of Alabama City, informing him that there were drunken soldiers at Mrs. Powell's house, and had been there the entire afternoon, and had been guilty of conduct objectionable to their wives, who were afraid to stay at home while they (Scarborough and Parrish) went to their work, and that they wanted him to go there and make an investigation. Scarborough and Parrish were placed upon the stand by the defendant, and this testimony was sought to be elicited from them; but the objection of the state was sustained thereto.

"This was error, which, in our opinion, should work a reversal of the cause."

To like effect are the holdings in Bondman v. State, 145 Ala. 680, 40 So. 85; Rakestraw et al. v. State, 211 Ala. 535, 101 So. 181; McGuff v. State, 248 Ala. 259, 27 So. 2d 241; Richardson v. State, 204 Ala. 124, 85 So. 789; Gibson v. State, 193 Ala. 12, 69 So. 533; Pearce v. State, 4 Ala.App. 32, 58 So. 996.

■ As we have indicated herein, the State had introduced evidence to the effect that the appellant had hurriedly left the shoe repair shop and proceeded towards his parked car where the shooting forthwith occurred. The presentment was made in connection with the testimony that the accused left the shop promptly after his daughter had said something to him.

It appears evincingly unfair and prejudicial to the appellant to place him in this position, without giving him an opportunity of disclosing to the jury the immediate circumstances incident to his hurried departure and his presence at the scene of the homicide. His claim of self defense could be of no avail if he was the aggressor in the fatal affray. This inquiry became, therefore, a matter of material significance, and upon its factual solution rested important and pertinent findings.

We hold that it was error to reverse to disallow this evidence.

For errors pointed out, the judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.