49 So.2d 231

**CRAWFORD v. STATE.**

2 Div. 801.

Court of Appeals of Alabama.

Nov. 28, 1950.

T. G. Gayle, of Selma, for appellant.

A. A. Carmichael, Atty. Gen., and Albert E. Amos, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of manslaughter in the first degree under an indictment charging her with murder in the first degree.

Other than appellant there were no eye witnesses to this homicide. The State's case was therefore dependent to a large degree upon circumstantial evidence.

The appellant admitted stabbing the deceased with a knife, but her testimony tended to establish self-defense.

The defense introduced evidence directed toward showing two prior serious and unprovoked assaults by the deceased upon the appellant.

Pertaining to this phase the trial court orally charged the jury as follows: "Now, gentlemen, there has been testimony brought before you for your consideration as to certain encounters between the deceased and this defendant, one, according to my memory of the evidence transpiring approximately a year and a half prior to the death of the deceased; and also another instance where the deceased dismounted from a car and, if my recollection is correct, gave the defendant a whipping. That evidence was permitted to go before you for your consideration, even though it was not linked with the encounter of the death of the deceased, *for the purpose of showing who was the aggressor on those previous encounters and for that purpose alone.*" (Italics ours.)

The record further shows the following exception reserved at the conclusion of the court's oral charge:

"The Court: Any exceptions?

"Mr. Gayle: I'd like to except to that last part of your Honor's charge in which your Honor stated to the effect that the evidence of a prior assault or assaults was offered solely to show who was the aggressor in those difficulties. We think it should go to show also who was the aggressor in this difficulty.

"The Court: I think the evidence of who was the aggressor in this difficulty is for you gentlemen (nodding to jury) to decide.

"Mr. Gayle: Then you over-rule my objection?

"The Court: Yes, sir.

"Mr. Gayle: Then give me an exception, please, sir."

The Attorney General contends that the above objection and exception does not point out with sufficient certainty what portion of the court's oral charge is objectional, and that the question is not therefore properly presented for review.

█ We do not agree with this contention. The objection interposed was substantially accurate and sufficient to have clearly informed the trial court of the asserted error. It would be unfair to this appellant to deny her a review of this point under these circumstances. Lassiter v. State, Ala.App., 47 So.2d 230,[1] certiorari denied 254 Ala. 5, 47 So.2d 233; Kelley v. State, 226 Ala. 80, 145 So. 816.

█ A defendant is permitted to introduce evidence of prior difficulties with the assaulted party, not too remote in time, for the purposes of showing who was at fault in bringing on the difficulty for which the defendant is being tried, and for aiding the jury in determining whether the defendant acted on the reasonable appearance of things, and in reasonable apprehension of danger, in the light of former threats and altercations. Nelson v. State, 13 Ala.App. 28, 68 So. 573. Such evidence

1. Ante, p. 323.

is admissible solely in this probative aspect, and in fact it is improper to admit evidence showing who was at fault in the former difficulty. McAnally v. State, 74 Ala. 9. The present difficulty is the only one for which the defendant is being tried, and the only evidence admissible is that which is material and of probative force in establishing such present offense. Who was the aggressor in the prior difficulty is therefore beyond the issues of the present trial.

■ The instruction of the court below precluded the jury from considering the evidence of the prior difficulties for the very purposes for which the law says such evidence should be admitted. The State's case being largely dependent on circumstantial evidence, and the defendant having attempted to justify the killing on the theory of self-defense, the probative value of the evidence of former difficulties was of material importance to the defense. The purposes for which such evidence were admitted were destroyed if the jury obeyed the court's instructions. This the jury was bound presumptively to do.

This cause must therefore be reversed and it is so ordered.

Reversed and remanded.