(79 South. 199)

MASON v. STATE. (7 Div. 541.)

(Court of Appeals of Alabama. June 29, 1918.)

HOMICIDE ⬅190(7)—EVIDENCE—UNCOMMUNICATED THREATS.

Where self-defense is shown, evidence of recent uncommunicated threats is admissible to show purpose of attack. Evidence of such threats is frequently admissible in corroboration of communicated threats; and where it is doubtful which party was aggressor evidence of uncommunicated threats is admissible.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Andy Mason was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

The defendant was indicted for murder in the first degree, and upon the trial was convicted of manslaughter in the first degree and sentenced to ten years in the penitentiary.

L. B. Rainey and Thos. H. Stephens, both of Gadsden, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

SAMFORD, J. During the trial there was evidence offered and admitted by the court tending to show that the day before the fatal difficulty the deceased had made threats against the defendant. After the evidence was closed, at the suggestion of the court, the solicitor moved the court to exclude all of the testimony relating to the threats made by the deceased against the defendant upon the ground that these threats had not been shown to have been communicated to the defendant. To this ruling of the court the defendant then and there duly and legally excepted.

There was evidence for the defendant which, if believed, tended to show that at the time of the killing the deceased was making some demonstration or overt act of attack, under such circumstances as would authorize the defendant to strike in self-defense. Since the case of Roberts v. State, 68 Ala. 156, the doctrine has been well established in this state that, where a case of self-defense is shown, evidence of uncommunicated threats recently made is admissible for the purpose of showing the quo animo of such demonstration or attack, and also evidence of uncommunicated threats is frequently admissible in corroboration of communicated threats which have been admitted; and where it is doubtful which party commenced the difficulty, evidence of such threats is admissible to show who was the probable aggressor. Roberts v. State, supra; Ridgell v. State, 1 Ala. App. 94, 55 South. 327; Howard v. State, 172 Ala. 402, 55 South. 255, 34 L. R. A. (N. S.) 990; Wilson v. State, 171 Ala. 25, 54 South. 572; Crumpton v. State, 167 Ala. 4, 52 South. 605; Turner v. State, 160 Ala. 40, 49 South. 828; Hammond v. State, 147 Ala. 79, 41 South. 761.

The other exceptions presented by the record will probably not arise upon another trial, but for the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.