(90 South. 66)

## THORNTON v. STATE. (8 Div. 814.)

(Court of Appeals of Alabama. June 21, 1921.)

1. **Homicide ⬅189—Evidence admissible to show general nature and gravity of previous difficulties, but not admissible to show details.**

In prosecution for assault with intent to murder, evidence was admissible to show the general nature and gravity of former difficulties between defendant and the prosecuting witness, but was not admissible to show the details and particulars of such former difficulties.

2. **Criminal law ⬅762(2)—Trial court should be careful not to charge on the facts.**

Under Code 1907, § 5362, the trial court should be careful to so frame its charge as to submit questions of fact solely to the determination of the jury, and should avoid any statements of the evidence so framed as to subject the charge to the objection that it constitutes the court's conclusion from the facts in dispute.

3. **Criminal law ⬅758—Charge that defendant's interest in result could be considered held not on evidence.**

In prosecution for assault with intent to murder, instruction that "the law says that you may look to the fact that the defendant is interested in the result of this suit in determining what credibility you are to give to his testimony" *held* not objectionable as a charge on the evidence.

4. **Criminal law ⬅763, 764(5)—Charge that state had offered evidence tending to show that defendant had assaulted prosecuting witness held not on effect of evidence.**

In prosecution for assault with intent to murder, charge that "the state has offered evidence to this case tending to show, if believed by you beyond a reasonable doubt, that defendant unlawfully assaulted prosecuting witness," *held* not objectionable as a charge upon the effect of the evidence.

5. **Criminal law ⬅763, 764(5)—Charge that state had offered evidence tending to show that prosecuting witness was doing nothing to provoke defendant held not on effect of evidence.**

In prosecution for assault with intent to murder, charge that "the state has offered evidence which tends to show, if believed by you beyond a reasonable doubt, the prosecuting witness T. was doing nothing by word or deed to provoke the defendant," *held* not objectionable as a charge on the effect of the evidence.

6. **Criminal law ⬅193½—Defendant, convicted of lesser offense than that charged in indictment, can plead autre fois acquit as to the most serious charge on new trial.**

In prosecution for assault with intent to murder, defendant having been convicted of assault and battery with a weapon on new trial pursuant to remand, can plead autre fois acquit as to the felony charged.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Oliver Thornton was indicted for assault with intent to murder, convicted of assault and battery with a weapon, and he appeals. Reversed and remanded.

It was shown by the testimony that the two parties, Turner, the man assaulted, and Thornton, the defendant, had had two difficulties, prior to the one upon which this prosecution is based, the first difficulty being at the L. & N. shops, about three months before the present trouble. As to this first difficulty, the defendant asked this question speaking to the defendant himself, "Did he hit you on that occasion with anything?" Also, "Did he cut you on that occasion?" The state objected, the defendant making it known to the court that he expected an affirmative answer to the question, and the defendant excepted. After the second difficulty, the defendant offered to show that the prosecuting witness had made a threat against him, and also propounded the following question:

"If whether or not on that occasion the prosecuting witness struck you, or attempted to strike you, with a large iron pole."

Defendant also offered to show the size of the pole used. The following portion to the oral charge were excepted to:

"The law says that you may look to the fact that the defendant is interested in the result of this suit in determining what credibility you are to give to his testmony."

Also:

"The state has offered evidence to this case tending to show, if believed by you beyond reasonable doubt, that defendant unlawfully assaulted Turner."

Also:

"The state has offered evidence which tends to show, if believed by you beyond a reasonable doubt, the prosecuting witness, Turner, was doing nothing by word or deed to provoke the defendant."

The other facts sufficiently appear.

Callahan & Harris, of Decatur, for appellant.

While the details of a previous difficulty are not admissible, yet it is permissible to show the character and gravity of the difficulty, as shedding light on who was the aggressor. 177 Ala. 26, 59 South. 270; 63 Ala. 66; 13 Ala. App. 28, 68 South. 573; 17 Ala. App. 119, 82 South. 567; 16 Ala. App. 442, 78 South. 640. The court's oral charge was subject to the criticism that it was a charge upon the effect of evidence. Section 5362, Code 1907; 196 Ala. 278, 72 South. 126; 14 R. C. L. § 5; 16 Ala. App. 539, 79 South. 675; 2 Ala. 310; 197 S. W. 998. Counsel discuss the refused charges, with citation of authority, but in view of the opinion it is deemed necessary to here set it out.

Harwell G. Davis, Atty. Gen., for the State.

Court did not err in its omission or rejection of evidence. 17 Ala. App. 394, 85 South. 830; 190 Ala. 10, 67 South. 237. The court's oral charge is not subject to the criticism made. 88 Ala. 37, 7 South. 302; 13 Ala. App. 175, 69 South. 354.

BRICKEN, P. J. The indictment in this case charged a felony; the offense of assault with intent to murder. The trial thereunder resulted in conviction, by the jury, of this defendant of an assault and battery with a weapon, the fine being assessed at $250, to which the court imposed an additional punishment of six months' hard labor for the county. From this judgment the defendant appeals.

[1] Upon the trial of this case it was shown that there had been two former difficulties between these same parties; and the court properly ruled that the details and particulars of said former difficulties were not admissible on the trial of this case.

One of the most vital questions in the instant case was who brought on the difficulty, or who was the aggressor. On this point the evidence was in conflict, and in order to shed light on this issue the defendant attempted in many ways, after showing the fact of the two former difficulties, to show also the general nature and the gravity of such former difficulties. The court would not permit the defendant to do this, under the theory that the merits or particulars of the previous difficulties were not admissible, and, as before stated, if these several efforts of the defendant had been to show the details or the particulars or merits of these previous difficulties, the rulings of the court would have been unquestionably right and without error. However, a careful examination of these questions convince us that the court labored under an erroneous impression, and that as a matter of fact the defendant did not attempt to go into or bring out the merits, details, or particulars of the two previous difficulties between those parties, but limited the inquiry, and so made it known to the court, to the collective fact of the general nature or the gravity thereof, and this the law permits. The general rule seems to be that a defendant may prove a former difficulty, the general nature thereof as to whether trivial or grave, but cannot prove the details or particulars thereof. Harrison v. State, 78 Ala. 5. In McAnally's Case, 74 Ala. 9, 18, the court said:

"The proof in reference to a previous difficulty was only admissible as tending to show malice, or a motive for doing the deed. In such case, it is the fact of such difficulty, and its gravity, or the contrary, which may be proven. Its merits, or the particulars, cannot be given in evidence."

In Gray v. State, 63 Ala. 67, the record showed that the state introduced one Brooks (the injured party), who testified that Gray (the defendant) had been concerned in an assault on him with a knife, whereby he was severely cut in the neck, a short time before the assault charged in the indictment. On this question the court, among other things, said, "All this evidence was clearly admissible."

In Harrison v. State, 78 Ala. 5, 10, it was said:

"It was competent for the defendant * * * to testify that he had had a previous difficulty with Allen, and to state the general nature of it, so as to show whether it was grave or trivial in character."

In Nelson v. State, 13 Ala. App. 28, 68 South. 573, the question refused to the defendant 'was:

"State whether or not in that difficulty he [deceased] drew a gun on you [defendant]," "State whether or not Pres Horton [the deceased] shot at you the day before you killed him," and, "I will ask you to state if, in October some time, Pres Horton [the deceased] came to your house and drew a gun on you and said he would kill you, in the presence of Robt. Davis, Floyd Bell, and Geo. Locket."

In commenting on the ruling of the court below, this court said:

"The facts that on the day before the killing the deceased in a difficulty with the defendant drew a 'gun' on him, that on that day the deceased shot at the defendant, and that in October, prior to the killing in December, deceased drew a 'gun' on the defendant, and at the same time, in the presence of several other persons, threatened to kill him, were matters the defendant was entitled to have admitted in evidence. These were not matters of a nature that could properly be excluded under the rule against admitting details or going into the merits of former difficulties, but were only such facts as showed the general nature and gravity of the former difficulties and altercations, and were admissible for the purposes of showing who was at fault in bringing on the fatal encounter, and, too, for the purpose of aiding the jury in arriving at a proper conclusion as to whether the defendant acted on the reasonable appearance of things in the light of former threats and prior altercations. In this connection and for such a purpose it is always competent for the defendant, in testifying to previous difficulties, to state the general nature of it so as to show whether it was grave or trivial in character."

Further on in this opinion, after it stated that the defendant got the benefit of a part of the matters sought to be elicited by the question, the court said:

"It is apparent, after an examination of the entire cause as presented by the record, that this error probably injuriously affected the substantial rights of the defendant."

In Watts v. State, 177 Ala. 30, 59 South. 272, the Supreme Court said:

"The fact that on the day before the killing deceased attacked defendant with scissors, ac-

companying the attack with a threat, should have been admitted in evidence. This was not going into the details or merits of the altercation, but only showing its general nature."

In Wise v. State, 11 Ala. App. 72, 79, 66 South. 128, 130, this court said:

"The fact, general nature, and occasion of a former difficulty between the defendant and Patrick was, of course, admissible to support the theory of the state in tending to show a motive actuating the defendant in the commission of the crime charged against him."

In Folkes et al. v. State, 17 Ala. App. 119, 82 South. 567, this court said:

"The fact that Saunders and Folkes had a difficulty or altercation over a card game, the nature and gravity of such difficulty, was clearly admissible."

In many of the cases above cited, and from which quotations have been indulged, the facts thereof are very similar to those in the instant case, and in several instances the questions propounded and the rulings of the court are analogous, in fact, practically on all fours with what took place on these questions in the trial of this case in the court below. Especially is this true in the case of Nelson v. State, supra, where the facts are fully stated.

It would appear that the reason for admitting evidence of this character—that is, the general nature and gravity of previous difficulties—is, especially in cases where the nature of such former difficulty is grave and serious, that it may reasonably have induced the belief on the part of the accused that his assailant had determined either to kill him or do him great bodily harm, and consequently there was a necessity to act in self-defense, and more promptly than if such previous difficulty had been of a slight or trivial nature. And the reason applies to threatening conduct as well as to threatening words; for actions may be even more significant of an intention to do violence than are mere words.

[2-5] The next question presented is the insistence that a certain portion of the oral charge of the court was a charge upon the effect of the evidence, and this involves a consideration of the statute (Code 1907, § 5362), which provides:

"The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

It is certainly true that a trial court in his charge to the jury should be careful to so frame its charge as to submit questions of fact solely to the determination of the jury, and should never trench upon the province of the jury of its own motion; and in this connection the court should avoid any statement of the evidence so framed as to subject the instructions to the charge of it being the court's conclusion from facts in dispute. However, we have examined the portions of the oral charge complained of, and are of the opinion that they are not subject to the criticisms insisted upon by counsel for appellant. As a whole, the charge is able and forceful and extremely fair to appellant, and certainly are we of the opinion as a result thereof the defendant has suffered no injury calculated to affect his substantial rights.

[6] Since the defendant was convicted of a lesser offense than that charged in the indictment, and under the practice in this state if he so desires upon another trial can plead autre fois acquit as to the felony charge, it does not appear to be necessary, and therefore we shall refrain from passing upon the rulings of the court in refusing several special written charges requested by defendant. It would serve no good purpose so to do.

For the errors pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes