(101 So. 314)

**WOODS v. STATE. (8 Div. 161.)**

(Court of Appeals of Alabama. Aug. 19, 1924.)

1. Homicide ☞192—Defense of self-defense raises issue who provoked difficulty.

The defense of self-defense, when supported by sufficient testimony, raises the issue who provoked or brought on the difficulty.

2. Homicide ☞189, 190(1)—Evidence of previous difficulty and threats held admissible on issue raised by self-defense.

Threats made by deceased against accused *held* admissible on issue raised by defense of self-defense, as were also the fact of a former difficulty between the parties, the nature of the threat, the accompanying act, as well as the words spoken, and the gravity of the assault.

3. Homicide ☞191—Evidence of deceased's act in pointing gun at accused in former difficulty held admissible.

In a homicide prosecution, where there was evidence of self-defense, and accused proved a former difficulty, evidence that at the time of such difficulty deceased "throwed his gun on him and said he was going to kill him," was admissible; the act being as much a part of the threat as were the spoken words.

4. Witnesses ☞370(4) — Evidence showing concubinage relation held admissible to show interest.

Evidence of concubinage relation between accused and his female witness *held* admissible, as tending to show witness' interest in pending prosecution.

Appeal from Circuit Court, Lauderdale County; Arthur E. Gamble, Judge.

William Woods, alias William Wood, was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

See, also, 19 Ala. App. 299, 97 South. 179.

Mitchell & Hughston, of Florence, for appellant.

It was error to deny defendant the right to prove that in a former difficulty deceased used a deadly weapon. Rhea v. State, 100 Ala. 119, 14 South. 853; Thornton v. State, 18 Ala. App. 225, 90 South. 66, and authorities cited. The relation of defendant with witness Annie Buckman was not admissible. Perry v. State, 149 Ala. 40, 43 South. 18; Spicer v. State, 105 Ala. 123, 16 South. 706; Holland v. Bonds, 53 Ala. 83, 25 Am. Rep. 595; Swint v. State, 154 Ala. 46, 45 South. 901.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The homicide in this case was committed in a mutual rencontre, and sufficient evidence was adduced on the part of defendant to authorize the jury to pass upon the plea of self-defense, as to which the evidence was conflicting. Where this is the case, one of the vital questions is as to who provoked or brought on the difficulty. Thornton v. State, 18 Ala. App. 225, 90 South. 66.

[2] As bearing on this question, threats made by the dead man against the defendant were admissible in evidence, as was also the fact of a former difficulty had between the parties. Where these facts are admissible, the nature of the threat may be given, the accompanying act, as well as the words spoken; also, where the fact of a former difficulty is admissible, it is permissible to prove the gravity of the assault. Thornton v. State, supra. In the Thornton Case, supra, these questions are thoroughly discussed.

[3] In the case at bar the defendant, after proving that there was a former difficulty between the parties, sought to prove that at the time and place deceased "throwed his gun on him and said he was going to kill him." The act of "throwing the gun on him" (which is in common parlance presenting or pointing a gun at him) is not the detail of a difficulty, but is as much a part of the threat as the spoken words. In fact, there may be a threat, without a word being spoken.

[4] It is true a female witness may not be impeached by an attack on her chastity, but the relations existing between a female witness and defendant may be shown, as tending to show her interest in the prosecution then pending. The court did not err in permitting proof of the relation of concubinage between defendant and Annie B. Buckman.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes