The material question of fact in this case was the identity of the man who state witness Morris testified he saw at the still in question. On this question the evidence as to whether it was the defendant or not was in direct conflict, and was therefore for the determination of the jury. The affirmative charge requested by defendant was properly refused.
It appears but one ruling of the court was invoked upon the admission of testimony, and it is insisted that the exception reserved in this connection should effect a reversal of the judgment appealed from. One Ed Bynum, a material witness for defendant, was absent, and a showing as to what said witness would testify to, if present, was allowed defendant. The showing related to a purported conversation between Bynum and state witness Morris, in which the details of the alleged conversation were given, and tended to contradict the testimony of witness Morris upon the pending trial. Over the objection and exception of defendant the state was allowed to rebut said showing by introducing Morris again for that purpose, and this defendant insists could not be done. That there is no merit in this contention is manifest. The rule is the written showing, or statement, of what an absent witness would testify, if present, when accepted in lieu of the witness, must have the same force, so far as credibility is concerned, as the oral statement of the witness would have. Where an application is made for a continuance on account of the absence of a material witness, and the adverse party admits that the witness, if present in court, would swear to the facts stated in the showing, this is not an admission that the facts stated are true, and the evidence thus adduced may be controverted or rebutted under the usual rules of evidence.
It is next insisted in propositions 2, 3, and 4 that in the oral charge to the jury the court invaded the province of the jury in several specific statements. We fail to note any exception to the oral charge, and in the absence of such exception duly reserved the questions are not presented. Appellant's insistence here cannot be sustained.
Refused charges 1, 2, and 3 were affirmative in their nature, and as hereinabove stated the defendant was not entitled to these charges; the evidence being in conflict, and that offered by the state was ample, if believed to be true under the required rules, to justify the verdict rendered, and to sustain the judgment of conviction.
The remaining refused charges, where properly stating the law, were fairly and substantially covered by the oral charge of the court or by charges given at request of defendant. Where this is true, the court is under no duty to again give such charges.
The record is without error. Let the judgment of conviction appealed from stand affirmed.
Affirmed.
 On Rehearing.
In the foregoing opinion we stated that the several insistences of error predicated upon the court's oral charge were not presented for consideration, as no exceptions thereto were shown to have been reserved. In this we were mistaken, which mistake was due to the unusual manner of the preparation of the transcript. As a matter of fact exceptions were duly reserved to several excerpts of the court's oral charge. One of these exceptions must prevail, on account of the mandatory instructions given by the court that the jury "are to consider" the testimony of defendant "in the light of the fact he is the defendant and interested in *Page 564 
the result of your verdict." The instructions of this character many times approved are to the effect that the jury "may" (and not must) so consider the testimony of defendant. This exact question has been considered and decided by this court in the case of Sam Mann v. State, 103 So. 604[1] (opinion by Samford, J.). See, also, Thornton v. State, 18 Ala. App. 225, 90 So. 66. Upon authority of that case the application for rehearing, here made, is granted. The affirmance of the cause is set aside, and the judgment appealed from is reversed and cause remanded.
Application granted.
Reversed and remanded.
[1] Ante, p. 540.