(129 So. 482)

## HARLAN v. STATE.
### 7 Div. 664.

Court of Appeals of Alabama.
June 30, 1930.

Luther L. Saxon, of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The defendant is charged with the murder of Clarence Crawford, the homicide taking place in the residence of deceased. On the trial Willie Crawford, a brother of the deceased man, testified as to a dying statement made by deceased a few hours before his death. In answer to the solicitor's question, the witness answered:

"A. He said 'Bill, I am going to die,' he says, 'Clay killed me without a cause.' 'He shot me, and I wasn't expecting him to shoot me, I don't believe he would shoot me,' he said. He said, 'He killed me without a cause.' "

This answer included a sufficient predicate for a dying declaration and a part of the answer was legal testimony. A general objection applicable to whole answer will not avail the defendant anything. If parts of the dying statement testified to were conclusions and inadmissible under the rule laid down in Pilcher v. State, 16 Ala. App. 237, 77 So. 75, these should have been the subject of separate motions to exclude.

There was evidence for the defendant which, if believed, tended to show that the defendant was free from fault in bringing on the difficulty; that deceased was making a hostile demonstration indicating a murderous assault, and that at the time defendant fired the fatal shot he was in apparent peril of life or limb and without a reasonable mode of escape without increasing his peril. Where this is the evidence, testimony of recent uncommunicated threats is admissible to show the purpose of the attack, and, where it is doubtful which party was the aggressor, such evidence is admissible as tending to establish that fact. In other words the jury is entitled to know the frame of mind the parties were in at the time the difficulty began. Mason v. State, 16 Ala. App. 501, 79 So. 199; Craven v. State, 22 Ala. App. 39, 111 So. 767; Thornton v. State, 18 Ala. App. 225, 90 So. 66; Woods v. State, 20 Ala. App. 200, 101 So. 314; Hall v. State, 208 Ala. 199, 94 So. 59; Roberts v. State, 68 Ala. 156. In line with the foregoing authorities we hold that the court committed reversible error in excluding evidence of threats made by deceased on the day prior to the fatal difficulty.

Other questions presented will not probably arise on another trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.