68 So.2d 860

### CORBITT v. STATE.

### 5 Div. 436.

Court of Appeals of Alabama.

Dec. 8, 1953.

Geo P. Howard, Wetumpka, for appellant.

376

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

Under an indictment charging murder in the first degree the accused was convicted of the lesser offense of murder in the second degree.

The defendant claimed self-defense and on this factual issue the evidence was in sharp conflict.

After the appellant had testified and there was considerable evidence tending to establish the self-defense claim, the accused attempted to prove that prior to the fatal shooting the deceased had threatened the former's life. The questions in this aspect were addressed to a brother of the dead man, and effort was made to show what the deceased actually said.

In sustaining objections to these questions the trial judge fell into reversible error.

The applicable rule is set out in the first headnote of the case of Roberts v. State, 68 Ala. 156:

"Threats made by the deceased against the defendant, whether communicated or not, are not admissible evidence for the defendant, unless it is shown that, at the time of the killing, the deceased was mak-ing some demonstration, or overt act of attack, in consummation of such threats, so as to raise the question of self-defense; but, where a case of self-defense is shown, evidence of uncommunicated threats, recently made, is admissible for the purpose of showing the quo animo of such demonstration or attack; so, also, evidence of uncommunicated threats is frequently admissible in corroboration of communicated threats which have been admitted; and where it is doubtful which party commenced the difficulty, evidence of such threats is admissible to show who was probably the aggressor. These views 'are not in harmony with the former decisions of this court, but are in full accord with the doctrine established by the more recent cases of the highest courts of this country;' and, tested by these principles, evidence of threats in this case, communicated and uncommunicated, ought to have been admitted."

In a long line of later authorities this doctrine has been consistently followed. Some of these are: Green v. State, 69 Ala. 6; Rutledge v. State, 88 Ala. 85, 7 So. 335; Woods v. State, 20 Ala.App. 200, 101 So. 314; Craven v. State, 22 Ala.App. 39, 111 So. 767; Tarwater v. State, 24 Ala.App. 28, 129 So. 708; Binns v. State, 25 Ala. App. 590, 151 So. 614; Robinson v. State, 235 Ala. 7, 176 So. 812; McGuff v. State, 248 Ala. 259, 27 So.2d 241; Harlan v. State, 23 Ala.App. 592, 129 So. 482; Humber v. State, 19 Ala.App. 451, 99 So. 68.

The presiding judge fell into error also in another particular. He did not permit the defendant to show negative evidence of his good character by properly qualified witnesses.

The questions in this respect followed this form: " Prior to the trouble for which he is on trial, had you ever heard of Wylie Corbitt ever being in any trouble?"

The writer authored the opinion in the case of Everage v. State, 33 Ala.App. 291, 33 So.2d 23. The question of instant concern was there reviewed. We think that this authority and cases cited therein fully sustain the view that it was error to dis-

allow this character of evidence in the case at bar.

There are other rulings which are pressed for error in appellant's brief. They will not likely reoccur in the identical form at another trial of the cause. We will pretermit any discussion of these matters.

The judgment below is ordered reversed and the cause is remanded.

Reversed and remanded.