The appellant, Paul Dale Gundrum, was convicted of possessing cocaine, a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to two years' imprisonment.
The evidence tended to show the following: On May 15, 1988, appellant was stopped and arrested for driving under the influence. Officer Booker was in his patrol car in Florala, Alabama, when the appellant's automobile approached him in the middle of the road. Booker drove his car off the road to avoid being hit by the appellant. Officer Booker managed to turn his patrol car around and he pursued the appellant. The appellant drove approximately one-fourth of a mile and stopped. He and the officer both got out of their cars. Booker smelled liquor on the appellant's breath and noticed that the appellant staggered. Appellant was then arrested for driving under the influence and was taken to the officer's patrol car. At this time, Officer Geohagan joined Booker, and they both searched the appellant's car. Geohagan opened the unlocked glove compartment and a homemade "crack pipe" fell to the floor. Cocaine residue was discovered inside the pipe.
Appellant was taken to the police station and given the Intoxilyzer 5000 test. His breath registered a blood alcohol content of .227%. The car driven by the appellant was registered to him.
Appellant stated at trial that when the police stopped him, he was halfway up the stairs to his apartment. He also testified that he did not know that the pipe was in the car.
 I
Appellant contends that the evidence discovered in the glove compartment was inadmissible because, he argues, the police officers conducted a warrantless search which exceeded their authority. Specifically, appellant contends that the search of the car was unlawful because the appellant was in the patrol car at the time of the search. Appellant does not question the validity of his arrest. The state maintains that the search was permissible as incident to a lawful arrest.
Officers may conduct a warrantless search and seizure in the following instances: "(1) plain view, (2) consent, (3) incident to a lawful arrest, (4) hot pursuit or emergency situations, (5) exigent circumstances coupled with probable cause, and (6) stop and frisk situations." Brannon v. State,549 So.2d 532, 536 (Ala.Cr.App. 1989). *Page 28 
"A search and seizure without a search warrant, and made with or without an arrest warrant, may be reasonable within the purview of the 4th Amendment if it is made incident to a lawful arrest. This right of the law enforcement authorities, however, extends only to the search of the person arrested and the area under his immediate control." C. Gamble,McElroy's Alabama Evidence, § 334.01(3)(j)(1) (3d ed. 1977). The case of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034,23 L.Ed.2d 685 (1969), established the standard. In 1981, the United States Supreme Court in New York v. Belton,453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), evaluated this standard when arresting individuals who have recently occupied vehicles.
In Belton, police stopped a vehicle for speeding. It was occupied by four men. The officer asked to see the license of the driver and the registration of the vehicle. No individual in the car could produce the registration. The officer smelled marijuana and noticed an envelope on the floor marked "Supergold," a name which is associated with marijuana. The men were asked to exit the vehicle and were then arrested for possession of marijuana. Police then searched the car and "passenger compartment" and discovered incriminating evidence. The Supreme Court, interpreting the earlier case of Chimel v.California, supra, stated:
 "While the Chimel case established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of 'the area within the immediate control of the arrestee' when that area arguably includes the interior of an automobile and the arrestee is its recent occupant. Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m].' Chimel, 395 U.S., at 763, 89 S.Ct., at 2040. In order to establish the workable rule this category of cases requires, we read Chimel's definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."
Belton, 453 U.S. at 460, 101 S.Ct. at 2864.
Justice Brennan's dissent in Belton points out several problems he believed the decision would create. One such question is pointed out in LaFave's treatise on search and seizure:
 "[M]ust 'the suspect [be] standing in close proximity to the car when the search is conducted?' Given the Belton majority's avowed purpose of foreclosing the need for case-by-case determinations of an arrestee's control of the car, the answer appears to be no. Thus, under Belton, a search of the vehicle is allowed even after the defendant was removed from it, handcuffed, and placed in the squad car, or even if a single defendant was in the custody of several officers."
LaFave, Search and Seizures § 7.1(c) (2d ed. 1987), and cases cited in footnote 73.
Some states have specifically stated that even though the arrestee is not in the car, or is handcuffed, the officer may nonetheless search the passenger compartment of the car. SeeState v. Hensel, 417 N.W.2d 849 (N.D. 1988); Traylor v. State,458 A.2d 1170 (Del. 1983). See also United States v. Cotton,751 F.2d 1146 (10th Cir. 1985).
The Alabama cases thus far have not specifically addressed the issue of the arrestee's location at the time of the search. However, the following cases seem to imply that this state is following North Dakota and Delaware.
Our Supreme Court in State v. Calhoun, 502 So.2d 808
(Ala. 1986), stated, "Having lawfully placed Calhoun under arrest, the officers could lawfully search both Calhoun and the automobile he was driving, because it was within his immediate control." Calhoun, 502 So.2d at 815. In Calhoun, the *Page 29 
individuals were not present in the car at the time of the search. One of the officers stated that as he approached the passenger side of the car, he saw one of the individuals put something into the glove compartment.
In Molina v. State, 533 So.2d 701 (Ala.Cr.App. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1547, 103 L.Ed.2d 851 (1989), both individuals were out of the car at the time of the search after their arrest. In this instance, we held that the passenger compartment could be searched as a "contemporaneous incident of that arrest." Molina, 533 So.2d at 707.
Thus, relying on the United States Supreme Court's decision in New York v. Belton, supra, and the implications of our state court decisions, we affirm the circuit court's receiving these articles into evidence.
Appellant received a fair trial. The judgment is hereby affirmed.
AFFIRMED.
All the Judges concur.