The appellant, Joseph D. Quinlivan, Jr., was convicted of manslaughter, in violation of § 13A-6-3, Code of Alabama 1975. He was sentenced to 12 years in the state penitentiary.
The appellant was initially convicted of manslaughter on April 14, 1988, but that conviction was reversed and the case was remanded.Quinlivan v. State, 555 So.2d 802 (Ala.Cr.App. 1989). In the present appeal, the appellant raises six issues. However, this court finds it necessary to address only one of those issues, because it is dispositive of this appeal.
During the prosecutor's rebuttal closing argument, the following occurred:
 "(MR. DAVIS): Anytime I get to the end of a trial — and let me take a moment to tell you that I'm very proud to be here this week. And I'm very proud to represent this case. I'm not obliged to try any case that I don't want to try. I'm commanded by the law of Alabama as a District Attorney to prosecute the guilty and protect the innocent.
"MR. HESS: Now, if the Court please, I object to that argument.
"MR. COPELAND: That's highly improper.
"MR. HESS: That's patently improper.
"MR. DAVIS: Judge, they brought it up.
 "MR. HESS: It's in effect, saying he has an opinion of the guilt or innocence of the accused, which he has —
"THE COURT: of course, any opinion —
 "MR. HESS: — been specifically in the pretrial told —
 "THE COURT: — of the prosecutor, ladies and gentlemen, is not relevant.
 What you must determine is the guilt or innocence of the Defendant based on the evidence and the law.
 "MR. HESS: Due to that deliberate misconduct, Judge, we move for a mistrial.
"THE COURT: Motion denied."
This, the appellant argues, was so prejudicial so as to deprive the appellant of a fair trial. We must agree.
Over a half century ago, the United States Supreme Court put special restraints on a prosecutor during closing arguments because of his unique role in the criminal justice system:
 "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 683,79 L.Ed. 1314 (1935).
However, "[t]he line separating acceptable from improper advocacy is not easily drawn; there is often a gray zone. Prosecutors sometimes breach their duty to refrain from overzealous conduct by commenting on the defendant's guilt. . . ." United States v. Young,470 U.S. 1, 7, 105 S.Ct. 1038, 1042, 84 L.Ed.2d 1 (1985). Accordingly, the legal profession has set up guidelines in an attempt to police prosecutorial misconduct.
One example of this effort is the American Bar Association's (ABA) Standards for Criminal Justice, one of which states that
 "[i]t is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt *Page 1388 
of the defendant." ABA Standards for Criminal Justice 3-5.8(b) (2d ed. 1986 Supp.).
Another example is the ABA Model Code of Professional Responsibility, DR 7-106(C) (1989), which provides, in pertinent part:
 "In appearing in his professional capacity before a tribunal, a lawyer shall not:
". . . .
 "(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to matters stated herein."
See also ABA Model Rules of Professional Conduct, Rule 3.4(e) (1989).
The underlying reasons against allowing such argument by prosecutors are expressed most eloquently by Chief Justice Burger inYoung, supra:
 "The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence."
470 U.S. at 18-19, 105 S.Ct. at 1047-48. See also Annot., 88 A.L.R.3d 449 § 2[a] (1978).
The United States Court of Appeals has, on more than one occasion, addressed arguments of this exact nature. In United States v.Lamerson, 457 F.2d 371 (5th Cir. 1972), the prosecutor made the following statement to the jury:
 "The Government is prosecuting Clyde Lamerson in line with what Mr. Koerner [the defense attorney] says. And, Mr. Lamerson, had [he] not committed a crime, we would not be doing so. It's as simple as that."
After finding this to be reversible error, the court held:
 "In effect, he stated that the Government prosecutes only the guilty. Even the lesser suggestion that the Government tries to prosecute only the guilty has been held reversible error by this Court. In Hall v. United States, 5 Cir. 1969, 419 F.2d 582, 587, this Court held:
 "`The statement "we try to prosecute only the guilty" is not defensible. Expressions of individual opinion of guilt are dubious at best. * * * This statement takes guilt as a predetermined fact. The remark is, at the least, an effort to lead the jury to believe that the whole governmental establishment had already determined appellant to be guilty on evidence not before them. * * * Or, arguably it may be construed to mean that as a pretrial administrative matter the defendant has been found guilty as charged else he would not have been prosecuted, and that the administrative level determination is either binding upon the jury or else highly persuasive to it. Appellant's trial was held and the jury impaneled to pass on his guilt or innocence, and he was clothed in the presumption of innocence. The prosecutor may neither dispense with the presumption of innocence nor denigrate the function of the trial nor sit as a thirteenth juror.'"
457 F.2d at 372.
Alabama courts have also had occasion to address the propriety of such arguments:
"In Adams v. State, 280 Ala. 678, 198 So.2d 255 (1967), our Supreme Court said:
 "`It is, of course, never proper for the prosecuting attorney or the defendant's attorney to state in argument to the jury their personal belief in the guilt or innocence of the accused. To do so is to place before the jury for consideration the lawyer's own character and credibility, which is no part of *Page 1389 
any judicial proceeding. The office of district attorney and counsel for the accused does not demand that the former's duty is to secure a conviction, and the latter's duty to obtain an acquittal; but rather, the primary duty is to see that justice is done. See Canons 5 and 15 of American Bar Association Canons of Professional Ethics. And where, as here, the trial judge attributes beliefs to and sanctions such personal beliefs by opposing attorneys, even though the record was not protested by an exception, we call attention to the error so that it may not be repeated on another trial.'
"The rule was also set forth in Woods v. State, 19 Ala. App. 299,97 So. 179 (1923), rev'd on other grounds, 20 Ala. App. 200,101 So. 314 (1924), aff'd, 21 Ala. App. 436, 109 So. 171 (1926), as follows:
 "`The personal opinion of the solicitor as to the guilt of the accused or as to any material fact involved in the case is not evidence. It should never be uttered by a prosecuting attorney, and, if the court gives sanction to such an utterance, it thereby commits error necessitating a reversal of conviction appealed from. Inferences and deductions from the evidence may be drawn by counsel almost without limit, but the minds of the jury should not be prejudiced, nor should they be swayed in their deliberations by unauthorized statements in the argument of the solicitor, such as, "In my honest opinion, and before God it is my honest opinion," that such a state of facts exists. It is for the jury to say what state of facts exists, and this must be done by a consideration of all the evidence in the case, and such conclusion must not be reached by the honest or other character of opinion upon the part of the solicitor. In the annotation of the case of People v. Fielding (N.Y.) 46 L.R.A. 641, 667 [158 N.Y. 542, 53 N.E. 497] note, it is said:
 "`"The personal opinion of the prosecuting attorney as to the guilt of the accused is not evidence, and the sanction of such an opinion by the court is serious error."
 "`"The right to a fair and impartial trial is violated by the misconduct of counsel in stating to the jury facts not in evidence because by so doing he fraudulently testifies without having been sworn as a witness." People v. McGuire, 89 Mich. 66[64], 50 N.W. 786.'"
 "Thus, this court is prepared to reverse any case that has been tainted by highly prejudicial prosecutorial comments to the jury where the issue has been properly presented and preserved for our review.
Moseley v. State, 448 So.2d 450, 456-57 (Ala.Cr.App. 1984).
In the case at bar, we are of the opinion that the prosecutor's argument was nothing more than a blatant statement of his personal belief in the appellant's guilt. His comments expressly state that he tries only the cases that he wants to try and, consequently, chooses to prosecute only those defendants who are, as a matter of fact, guilty.
We are not unmindful of the trial court's curative instructions. However, as Judge Goldberg so eloquently wrote in United States v.Garza, 608 F.2d 659 (5th Cir. 1979):
 "In addition, as this Court observed in overturning a conviction because of improper prosecutorial comment, despite a corrective instruction, once such statements are made, the damage is hard to undo: "Otherwise stated, one "cannot unring a bell"; "after the thrust of the saber it is difficult to say forget the wound"; and finally, "if you throw a skunk into the jury box, you can't instruct the jury not to smell it."' Dunn v. United States, 307 F.2d 883, 886 (5th Cir. 1962). Finally, this Court has several times recognized in similar contexts the necessity for holding such comments as were made here to be "plain error.' See, e.g., United States v. Corona, 551 F.2d [1386] at 1388 n. 2 [(5th Cir. 1977)]; *Page 1390 
Ginsberg v. United States, 257 F.2d 950, 955 (5th Cir. 1958).
"The prosecutor in this case ignored the "double burden' imposed upon him as the government's attorney both to conduct his case zealously and to assure that justice is done by complying fully and fairly with the rules of conduct by which he is bound. He sought instead a triple burden: prosecutor, judge and jury. A prosecutor can be vigorous without being venomous; forceful without being fanatical; adversarial without being a priori. Here the prosecutor failed to observe these elementary principles of advocacy. Because his conduct so prejudiced defendant's right to a fair trial as to amount to "plain error', we reverse the conviction and remand the case to the district court." 608 F.2d at 666. See also Ex parte Stubbs,522 So.2d 322 (Ala. 1987) (test for reviewing improper prosecutorial argument is not whether the comments did influence the jury but whether they might have influenced the jury in arriving at the verdict).
Based on the foregoing, the judgment of the Mobile Circuit Court is due to be, and it is hereby, reversed, and the case is remanded to the circuit court.
REVERSED AND REMANDED.
All the Judges concur.
 *Page 281