[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1010 
A Madison County jury convicted Derrick O'Neal Mason of capital murder committed during the course of a robbery in the first degree or an attempt thereof. By a vote of 10 to 2, the jury recommended that Mason be sentenced to death. The trial court followed the recommendation of the jury and sentenced Mason to death. In a unanimous decision, the Court of Criminal Appeals affirmed Mason's conviction and sentence. Mason v. State, [Ms. CR-94-2143, March 6, 1998] 768 So.2d 981 (Ala.Crim.App. 1998). On certiorari review, we affirm.
The thorough and scholarly opinion of the Court of Criminal Appeals expressly addresses the issues raised by the petitioner now before us. Our independent review of the record reveals no further arguable issues. While we agree with the result on every issue addressed by the Court of Criminal Appeals, we will address the rationale on some of these issues.
The opinion of the Court of Criminal Appeals supplies the facts of this crime. We will detail further facts only to the extent necessary to discuss particular issues.
At trial the defendant-petitioner did not preserve for review any of the issues we will discuss. Thus the issues will be considered under the "plain-error" rule.
"`"Plain error" only arises if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings.'" Ex parte Womack,435 So.2d 766, 769 (Ala. 1983) (quoting United States v. Chaney,662 F.2d 1148, 1152 (5th Cir. 1981)). See also Ex parte Woodall,730 So.2d 652 (Ala. 1998). "`In other words, the plain-error exception to the contemporaneous objection rule is to be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result."'" Ex parte Land, 678 So.2d 224, 232
(Ala. 1996) (quoting United States v. Young, 470 U.S. 1 (1985) (quoting United States v. Frady, 456 U.S. 152, *Page 1011 
163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982))). This Court may take appropriate action when the error "has or probably has adversely affected the substantial rights of the petitioner." Rule 39(k), Ala.R.App.P. "[A] failure to object at trial, while not precluding our review, will weigh against any claim of prejudice." Ex parteWoodall, 730 So.2d at 657 (citing Kuenzel v. State, 577 So.2d 474
(Ala.Crim.App. 1990), aff'd, 577 So.2d 531 (Ala.), cert denied,502 U.S. 886 (1991).
In arguing to the jury, the assistant prosecutor prefaced many of her statements with such expressions as "I believe" and "I think," without objection by the defense. The petitioner now argues that the assistant prosecutor was thereby arguing matters outside the record. Because the substance of the assistant prosecutor's statements was supported by evidence introduced during the trial, the comments were not objectionable as references to matters outside the record. Such first-person prefaces as "I believe" and "I think" should, however, be avoided inasmuch as they may be construed as the advocate's personal voucher for the truth of the evidence, an improper practice. SeeWoods v. State, 19 Ala. App. 299, 97 So. 179 (1923), rev'd onother grounds, 20 Ala. App. 200, 101 So. 314 (1924), aff'd,21 Ala. App. 436, 109 So. 171 (1926); and Arthur v. State,575 So.2d 1165 (Ala.Crim.App. 1990). But see Williams v. State,710 So.2d 1276 (Ala.Crim.App. 1996), aff'd, 710 So.2d 1350, cert.denied, 524 U.S. 929 (1998); and Coral v. State, 628 So.2d 988
(Ala.Crim.App. 1992), aff'd, 628 So.2d 1004 (Ala. 1993), cert.denied, 511 U.S. 1012 (1993).
In the particular case before us, the assistant prosecutor's continual use of these first-person prefaces tends to diminish the force of her argument rather than to increase it. The evidence in this case was so emotionally compelling that its impact would have been greater had it been argued as established fact instead of personal belief. Thus, in the context of the particular facts of this case, the use of these first-person prefaces did not prejudice the defendant, much less prejudice him enough to entitle him to relief under the plain-error rule. See e.g. Williams,supra; Ex parte Rieber, 663 So.2d 999 (Ala. 1995), cert. denied,516 U.S. 995 (1995); and United States v. Young, 470 U.S. 1
(1985).
The petitioner complains that the trial court allowed the State, without objection from the defendant, to elicit testimony from the investigating officer recounting out-of-court declarations by an informant incriminating the defendant. The out-of-court declarations included an identification of the murder weapon, a description of the defendant, the name of the defendant, and a statement that the defendant was "out of control" and that he was "trying to make a name for himself and that he was involved in this homicide." The petitioner further complains that the trial court allowed the assistant prosecutor to argue, without objection by the defendant, that, "you must simply take, because it has been held admissible, the information that the confidential informant provided, as a matter of law."
The informant's out-of-court declarations had been offered, without objection, for the dubious purpose of showing why the officer conducted his investigation and expressly not for the purpose of proving the truth of the matter stated. Likewise, the trial court had admitted this testimony expressly subject to these limitations. The out-of-court declarations would have been inadmissible hearsay for the truth of the matter stated. Rule 801(c); C. Gamble, McElroy's Alabama Evidence, § 242.01(2) (5th ed. 1996). Thus, to the extent that the assistant prosecutor's remarks can be construed as arguing the out-of-court declarations for the truth of *Page 1012 
the matter stated, the argument was improper.
Neither the admission of the testimony about the informant's out-of-court declarations nor the prosecutor's argument about them can work a reversal, however, unless the defendant suffered enough prejudice to meet the standards of the plain-error rule. Rule 45, Ala.R.App.P. Moreover, the plain-error rule does not entitle a defendant to relief if reasonable trial tactics or strategy could account for the defendant's not interposing an objection or otherwise preserving the matter for review. Hallford v. State,629 So.2d 6 (Ala.Crim.App. 1992), cert. denied, 511 U.S. 1100
(1994); Luke v. State, 484 So.2d 531 (Ala.Crim.App. 1985). We judge the reasonableness of such tactics or strategy from the circumstances as they would have been perceived by the defense at the time for preserving error rather than at a later time in hindsight. Strickland v. Washington, 466 U.S. 668, 690 (1984);Duren v. State, 590 So.2d 360, 362 (Ala.Crim.App. 1990),aff'd, 590 So.2d 369 (Ala. 1991), cert. denied, 503 U.S. 974
(1992); Falkner v. State, 586 So.2d 39 (Ala.Crim.App. 1991).
The defense may have intentionally allowed the admission of the out-of-court declarations of the informant in order to reap the mitigating benefit of the informant's statement that the defendant was "out of control." Indeed, at the sentencing phase, the defense did argue the sixth statutory mitigating factor — that "[t]he capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to therequirements of law was substantially impaired." (Emphasis added.) Section 13A-5-51, Ala. Code 1975.
Moreover, rulings by the trial court either excluding the informant's out-of-court declarations or prohibiting the prosecutor's argument regarding the declarations could not have substantially increased the likelihood of either an acquittal or a life-without-parole recommendation. The State's evidence against the defendant was chiefly that the authorities had seized the murder weapon from the defendant's possession and that the defendant had given a detailed confession describing not only the murder itself but also the defendant's bizarre and cruel conduct culminating in the murder. Two police officers observed and heard the confession and recounted it to the jury with enough consistency to impart great credibility to their testimony and, indeed, just enough inconsistency in some details to prevent their testimony from being suspect as the product of improper collaboration. The out-of-court declarations by the informant pale into insignificance in comparison with this other damning evidence. Furthermore, the trial judge expressly instructed the jury not to consider the informant's out-of-court declarations for the truth of the matter stated. Thus we do not find prejudice that would warrant relief under the plain-error rule.
The defendant complains that the trial court allowed the prosecutor to argue, without objection, that the prosecutor and the assistant prosecutor represented not only the jurors but also "in some way" the defendant himself. These statements were improper and objectionable. Had the defendant objected, the trial court would have been obliged to sustain the objections and to take curative action.
In context, however, the essence of the prosecutor's argument was that, because he represented everybody in the community, he owed duties not only to prosecute the case vigorously but also to treat the defendant fairly. This description of his duties was correct. Davis v. State, 494 So.2d 851, 853 (Ala.Crim.App. 1986); Sprinkle v. State, 368 So.2d 554, 561 (Ala.Crim.App. 1978), writ quashed, 368 So.2d 565 (Ala. 1979); Gallant v. State,167 Ala. 60, 63, 52 So. 739, 741 (1910). In context, this argument does not warrant relief under the plain-error rule. *Page 1013 
The petitioner further complains that the trial court allowed the prosecutor to argue, without objection, and entirely outside the record, that identifiable fingerprints could be recovered in only "one out of twenty or twenty-five cases." The purpose of this argument was obviously to refute the defendant's argument that an absence of his identifiable fingerprints at the scene of the crime indicated that he had not been present. Of course, the prosecutor's resort to fingerprint statistics entirely outside the record was improper. Had the defendant objected, the trial judge would have been obliged to sustain the objection. Smith v. State,588 So.2d 561 (Ala.Crim.App. 1991); Brown v. State,374 So.2d 391 (Ala.Crim.App.), aff'd, 374 So.2d 395 (Ala. 1979). Indeed, the trial judge did, on a number of occasions, instruct the jurors generally that the arguments of counsel did not constitute evidence and that the jurors should not consider the arguments as evidence. Here again, the question is whether the improper argument prejudiced the defendant enough to warrant relief under the plain-error rule. Without the prosecutor's fingerprint statistic argument outside the record, would the jurors have been substantially more likely to conclude that the absence of fingerprints identifiable as the defendant's at the scene of the crime exonerated him? His confession and his possession of the murder weapon eclipse any such likelihood.
Finally, the petitioner complains that the trial court allowed the prosecutor to argue, without objection, in pertinent part:
 "Whether or not any of these officers use a form, a waiver of rights form, is another smoke screen. Absolutely no bearing on this case. If you believe Officer Parker, Detective Parker, one of the most experienced homicide investigators we have got, one who has investigated hundreds of homicide cases in his career, who has interviewed and taken statements from numerous defendants, who has testified any number of times in a court of law which led to convictions of defendants based on those statements, if you don't believe what he told you that the defendant told him, so be it. But whether or not he used a form called a waiver of rights form has absolutely nothing to do with the truth of his testimony."
The prosecutor's comments about the number of statements taken and the number of convictions obtained by Detective Parker in other cases were completely outside the record and were, accordingly, improper and objectionable. Smith, supra; Brown, supra. By this argument, the prosecutor sought to bolster the credibility of Detective Parker's testimony recounting the defendant's confession. As already discussed, however, Detective Parker's testimony about the confession had already been corroborated by the consistent testimony of another officer, Lisa Hamilton. Moreover, as already discussed, the trial court instructed the jury, upon a number of occasions, that the arguments of counsel did not constitute evidence and the jurors should not consider counsel's arguments as evidence. Thus, here again, the improper argument does not warrant relief under the plain-error rule.
We find no error to reverse affecting either the jury verdict finding the defendant guilty or the jury verdict recommending the death penalty. Moreover, we agree with the Court of Criminal Appeals in its findings and its analysis regarding the propriety of the death sentence imposed by the trial court. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and England, JJ., concur. *Page 1014 
Brown, J., recuses herself.[2]
[2] Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.