Marcus Alan Skaggs was arrested and charged with unlawful possession of marijuana, a violation of § 13A-12-213, Ala. Code 1975. Skaggs filed a pretrial motion to suppress evidence seized as the result of a traffic stop, namely, a cigar laced with marijuana found in his vehicle in a compartment located near the steering wheel. Following an evidentiary hearing, the trial court granted Skaggs's motion. Pursuant to Rule 15.7, Ala.R.Crim.P., the State appeals the circuit court's grant of Skaggs's motion to suppress.
The evidence presented at the suppression hearing established the following: On April 10, 2003, Alabama State Trooper Michael Harris stopped Skaggs's vehicle because Skaggs was speeding. Harris then radioed Skaggs's information to his dispatcher, who reported that Skaggs's driver's license had been suspended and that he had an outstanding warrant for failure to appear. Upon learning this information, Harris informed Skaggs that he was placing him under arrest, and he proceeded to pat Skaggs down, handcuff him, and place him in his patrol vehicle. Additionally, Harris radioed his dispatcher and asked her to contact the Tuscaloosa County Sheriff's Department so that it could take custody of Skaggs. Harris then asked Skaggs if he wanted to telephone someone to pick up his vehicle instead of having it towed. Harris called a relative to pick up the vehicle.
Tuscaloosa County Sheriff's Deputy Tim Johns arrived shortly after Skaggs was arrested and transferred Skaggs from Harris's patrol vehicle to his. After completing this task, Harris and Johns searched Skaggs's vehicle incident to his being placed under arrest. During this search, Deputy Johns located a cigar containing marijuana in a small compartment located on the driver's side near the steering wheel. Teresa Patton, the grandmother of Skaggs's fiancee, then arrived to pick up his vehicle.
The State contends that the circuit court erred when it granted Skaggs's motion to suppress the evidence found when searching Skaggs's vehicle incident to his arrest. We agree.
This Court reviews de novo a circuit court's decision on a motion to suppress evidence when the facts are not in dispute. See State v. Hill, 690 So.2d 1201, 1203 (Ala. 1996); State v.Otwell, 733 So.2d 950, 952 (Ala.Crim.App. 1999). Here, the facts are uncontested; the only issue is the circuit court's application of the law to those facts.
In State v. Gargus, 855 So.2d 587, 590-591 (Ala.Crim.App. 2003), this Court stated:
 "`"`"This court has long held that warrantless searches are per se unreasonable, unless they fall within one of the recognized exceptions to the warrant requirement. See, e.g., Chevere v. State, 607 So.2d 361, 368 (Ala.Cr.App. 1992). These exceptions are: (1) plain view; (2) consent; (3) incident to a lawful arrest; (4) hot pursuit or emergency; (5) probable cause coupled with exigent circumstances; (6) stop and frisk situations; and (7) inventory searches. Ex parte Hilley, 484 So.2d 485, 488 (Ala. 1985); Chevere, supra, 607 So.2d at 368."'
 "`"State v. Mitchell, 722 So.2d 814[, 820] (Ala.Cr.App. 1998), quoting Rokitski v. State, 715 So.2d 859[, 861] (Ala.Cr.App. 1997)." *Page 182 
 "`[State v. Otwell,] 733 So.2d [950,] 952 [(Ala.Crim.App. 1999)].
 "`"`When officers lawfully arrest an automobile occupant, they may search the passenger compartment of the automobile as a contemporaneous incident of the arrest, and they also may examine the contents of containers found in the automobile.'" State v. Otwell, 733 So.2d at 954, quoting United States v. Diaz-Lizaraza, 981 F.2d 1216, 1222 (11th Cir. 1993). "This is so even though the appellant was already handcuffed and placed in the police officer's car when the appellant's car was searched." Mason v. State, 768 So.2d 981, 999 (Ala.Crim.App. 1998), aff'd, 768 So.2d 1008 (Ala. 2000), citing Gundrum v. State, 563 So.2d 27 (Ala.Crim.App. 1990).'
 "[Baird v. State,] 849 So.2d [223] at 229-30 [(Ala.Crim.App. 2002)]. In Sheffield v. State, 606 So.2d 183 (Ala.Crim.App. 1992), this Court stated:
 "`After arresting the driver of an automobile, an officer "may, as a contemporaneous incident of that arrest, search the passenger compartment" of that car, including "the contents of any containers found within the passenger compartment." New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); Daniels v. State, 416 So.2d 760, 763 (Ala.Cr.App. 1982). See also, State v. Calhoun, 502 So.2d 808 (Ala. 1986).'
 "606 So.2d at 187. Additionally, in Mason v. State, 768 So.2d 981 (Ala.Crim.App. 1998), aff'd, 768 So.2d 1008 (Ala. 2000), this Court stated:
 "`Even if we were to conclude that the search was not authorized pursuant to an inventory search, the trial court's denial of the motion to suppress is due to be affirmed because the search of the appellant's vehicle was lawful as a search incident to an arrest. Sheffield, 606 So.2d at 187. This is so even though the appellant was already handcuffed and placed in the police officer's car when the appellant's car was searched. Gundrum v. State, 563 So.2d 27
(Ala.Crim.App. 1990).'
"768 So.2d at 999."
855 So.2d 587, 590-591.
Based on our review of the record, it is clear that the search of Skaggs's vehicle was valid as a search incident to a lawful arrest. Once Skaggs was placed under arrest on the outstanding warrant for failure to appear, Trooper Harris and Deputy Johns could properly search the vehicle incident to that lawful arrest, despite the fact that Skaggs was handcuffed and secured in the backseat of Johns's patrol car. Therefore, the trial court erred in suppressing the marijuana evidence.
Based on the foregoing, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur. *Page 759